**In re J. V. KNITTING SERVICE, INC., Debtor.**

**Bankruptcy No. 80-00351-BKC-TCB.**

United States Bankruptcy Court, S. D. Florida.

June 21, 1982.

Lee Ross, Trustee.

Arthur Weitzner, Coral Gables, Fla., for Trustee.

Michael Kahn, for debtor.

Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., and Golenbock & Berell, New York City, for petitioning creditor.

## ORDER ON FEE APPLICATIONS

THOMAS C. BRITTON, Bankruptcy Judge.

This case was before the court on April 28 at a final meeting of creditors for a consideration of six fee applications, which seek a total of $46,081 in fees and $6,296 expenses. The net assets in the hands of the trustee, after disbursements to the secured creditors and the payment of the trustee's expenses incurred in liquidation, including administrative rent pending liquidation, totals only $17,058 or about one-third the fees and expenses applied for. Creditors' claims total about $175,000. This is obviously, therefore, a bankruptcy administration which has been of minimal if any benefit to the creditors.

Lemon Twist of California, Inc., a major creditor, brought the debtor into this court by an involuntary petition in March 1980.

It employed two law firms, one in New York and one in Miami. These two firms seek a total of $24,000 in fees and $3,885 in expenses of which about 70% has been paid by Lemon Twist.

The debtor's attorney opposed the involuntary petition and counterclaimed for substantial actual and punitive damages. His efforts were unavailing and an order of relief was entered in June 1980. The debtor's counsel then converted this case to a chapter 11 reorganization in August, 1980, a matter of right under 11 U.S.C. § 706(a). Lemon Twist actively opposed reorganization which was unsuccessful and the case was reconverted to a chapter 7 liquidation in March 1981 on Lemon Twist's motion.

The assets now available result exclusively from the efforts of the trustee and her attorney in securing the consent and cooperation of the secured creditors to a sale of the debtor's assets which netted a total of $85,000, $62,000 of which was paid to the secured creditors in satisfaction of their liens.

■ I find that the applications of the trustee, Lee Ross, for compensation as a chapter 11 trustee ($267) and as trustee in liquidation ($1,728) are reasonable and her application is approved in these amounts. I also find that the application of the trustee's attorney, Arthur S. Weitzner, Jr., in the amount of $3,000 and $7.50 in expenses is reasonable and his application is approved in those amounts.

The debtor's attorney, Michael Kahn, has applied for a fee of $17,085 and expenses of $2,402 for services spent essentially in unsuccessfully opposing the involuntary proceedings, unsuccessfully seeking judgment against the petitioning creditor, unsuccessfully attempting reorganization and in preparing his fee application. He has received no payment to date.

■ A debtor's attorney is accorded an administrative priority for compensation upon the premise that his services, to some extent at least, have benefited the administration of the estate. 2 *Collier on Bank-*

*ruptcy* (15th ed.) ¶¶ 329.01, 330.04[3]. Generally, the debtor's counsel brings the case into court, prepares the necessary schedules and assists the debtor in reporting its assets and liabilities for administration. However, in this instance the debtor's counsel did not perform any of these essential administrative functions. Instead, as it turns out, he seriously delayed and impeded the administration of the case in a completely unsuccessful effort to effect a major recovery of damages from a principal creditor, Lemon Twist.

■ I am convinced that Mr. Kahn, a capable and experienced attorney, acted in complete good faith and I find nothing sinister or unethical in the positions which he asserted in this case. However, I conclude that his services were provided by him on a contingent basis. He neither sought nor obtained any payment in advance. Had he been successful, his efforts would have substantially benefited the debtor and the creditors. His compensation would have been substantial. However, since his efforts in this instance proved completely unsuccessful, and in fact obstructed and impeded the administration of the case, he is not entitled to administrative compensation from this estate either for his services or his expenses incurred in those efforts. Mr. Kahn's application is, therefore, denied.

■ A petitioning creditor is also accorded an administrative priority for its "actual, necessary expenses" under § 503(b)(3)(A) and reasonable compensation for "an attorney". § 503(b)(4). The basis for this priority is the service rendered in bringing the debtor into court in order that its assets may be equitably marshalled to the payment of its debts before they are squandered by the debtor. In this instance, most of the expense incurred and effort expended by the creditor's two law firms resulted from the necessity to defeat the debtor's counterclaim. To that extent, the expense was for the individual benefit of the creditor rather than for the collective benefit of all creditors in the administration of this case. Under these circumstances, that expense, though a justifiable charge against Lemon Twist, is not a reasonable expense chargeable to this estate.

The services compensable from this estate could, of course, have readily been provided by a single firm. A degree of duplication certainly resulted from the employment of two firms and many of the expenses claimed resulted from that duplication.

It is not possible for me to determine with precision the fees and expenses directly attributable to the non-compensable services. Both law firms conducted their client's affairs successfully with experience and skill. I find, however, that the actual, necessary expenses incurred by the petitioning creditors under § 503(b)(3)(A) in this case and reasonable compensation for "an attorney" in that connection under § 503(b)(4) could not exceed $5,000. Accordingly, the application of Lemon Twist and its two law firms are allowed in the aggregate amount of $5,000.

In making the foregoing determinations, I have considered each of the factors that govern the reasonableness of fees as set forth in *Matter of First Colonial Corp. of America*, 5 Cir. 1977, 544 F.2d 1291. Except as has been noted above, I accept the assessment accorded by the applicants to these elements. In the interest of brevity, I will not repeat that analysis here unless it is expressly requested by a party.

The trustee is directed to pay the foregoing sums as approved by this order and to proceed with distribution and closing of this estate.