**In re S & E OIL COMPANY, INC., Debtor.**

**Bankruptcy No. 483–0030–LO.**

United States Bankruptcy Court, W.D. Louisiana.

April 10, 1986.

RODNEY BERNARD, Jr., Bankruptcy Judge.

### Reasons for Judgment

This matter is before the court upon the applications of Peter C. Piccione and Charles N. Wooten, Ltd., co-counsel for the debtor herein. Objections thereto were filed by Macro Oil Company, Inc., Randall L. Guidry and Doerles Institutional Wholesale, Inc. Upon the applications, testimony of applicants and the entire record of the bankruptcy case the court makes the following findings and conclusions.

### The Piccione Application

This case was filed under Chapter 11 of the Bankruptcy Code on January 12, 1983.

The debtor was the client of Mr. Piccione whom he consulted two days before the filing. Mr. Piccione, apparently feeling the need of help in handling a Chapter 11 case, consulted with Mr. Wooten and arranged a meeting with the owners of the corporation, Mr. and Mrs. Emery Guidry and Mr. Wooten. As a result of this meeting Mr. Wooten prepared and filed the necessary documents to commence the case. From January 11, 1983 through March of 1983 Mr. Piccione's services appear to have been necessary and proper in pursuance of the reorganization effort. Thereafter, through the month of March, 1984 the tasks performed by Mr. Piccione were duplications of those being performed by Mr. Wooten. They were unnecessary and totally valueless to the estate with the exceptions of those time sheet entries dated May 24, 1983, January 17, 1984, January 23, 1984, March 27, 1984, and March 30, 1984.

■ From April 17, 1984 through May 24, 1984 most of Mr. Piccione's activities were in connection with Mr. Guidry's efforts to sell property of the estate and pay off the creditors. These activities are the function of the trustee and are his raison d'etre. There is no reason to compensate the debtor's attorney for tasks reserved to the trustee. During this period, however, Mr. Piccione was attempting to fend off efforts to convert the case to Chapter 7. For these efforts he should be compensated, therefore the entries on the time sheet of May 7, 1984, May 9, 1984, May 21, 1984 and May 24, 1984 are proper and are approved.

In the interim, the case was converted to Chapter 7 on May 22, 1984. From June 1, 1984 through September 6, 1985 Mr. Piccione continued to concern himself with the attempted sale of the debtor's property. During this period the bulk of his time sheet entries concern such efforts, as well as efforts to thwart the efforts of the trustee in this regard, all on behalf of Mr. Guidry, individually, and were of no value to the estate. Some few entries are concerned with his collection of accounts receivable for the trustee which are the subject of a separate contingency fee application not now before this court. The following entries were proper in the applicant's representation of this corporate debtor and should be compensated: June 11, 1984, June 28, 1984, June 29, 1984, July 6, 1984, July 21, 1984, August 3, 1984, August 23, 1984, November 5, 1984, February 28, 1985, April 2, 1985, June 10, 1985, June 11, 1985, July 1, 1985, July 2, 1985, July 5, 1985, July 24, 1985, August 6, 1985 and August 9, 1985.

The allowed entries total 50.6 hours at an hourly rate of $150.00 for total compensation of $7,590.00. Mr. Piccione has also requested reimbursement of out-of-pocket expense totalling $638.71. Of this amount, $372.85 is allowed. The remainder of the expense is in connection with collection efforts which may be the subject of further proceedings.

### The Wooten Application

■ Most of this application appears to have been directed to representation of the debtor in the reorganization effort and in an orderly transition of control to the trustee who was appointed on December 12, 1983. Exceptions to this are the entries of May 10, 1983 and May 11, 1983 relative to the defense of a rule to dismiss the case for failure to submit monthly reports. There will be deducted 10.15 hours of senior attorney time. The failure to submit timely reports was due to the attorney's failure to insure against this deficiency. The entry of June 28, 1983 related to both the corporate and personal cases resulting in compensation of only one-half (½) of the senior attorney time or 1.37 hours due from this case. All things being equal, this would leave senior attorney time of 301.23 hours to be compensated at the rate of $185.00 per hour and staff attorney time of 89.40 hours to be compensated at the rate of $125.00 per hour. This computes out to $55,727.55 and $11,175.00, respectively, for a total of $66,902.55.

■ This court is very familiar with the prosecution of this bankruptcy case as well as the expertise of the Wooten firm in handling reorganization cases. The Woo-

ten firm, as lead counsel allowed the tail to wag the dog. Representation of the client is one thing, but to allow the client to consistently oppose the efforts of the trustee and create unnecessary and costly delays in the administration of the case is yet another. As indicated, the case was filed on January 11, 1983 and was converted to Chapter 7 on May 22, 1984. Long prior to conversion it should have been obvious to counsel that the debtor would not be able to reorganize. Under section 330 of the Bankruptcy Code, the attorney for the debtor is to be awarded "reasonable compensation for actual, necessary services rendered....". It is the finding of this court that 20% of the services rendered were not necessary and the fee should be reduced by that percentage. The expense claimed for clerical help is disallowed, this being a portion of the attorney's overhead. The "paralegal" charge of $50.00 per hour is excessive and this charge is reduced by one-half (½). The out-of-pocket expense of $1,311.70 is allowed.

A judgment in accordance with the foregoing will be signed upon submission.