**In re SANDRA COTTON, INC., Debtor.**

**No. CIV–87–1152E.**

**Bankruptcy No. 12210C.**

United States District Court,
W.D. New York.

Aug. 10, 1988.

---

Corey J. Hogan, Lockport, N.Y., for debtor.

Goldman, Costa, Getman & Biryla, Buffalo, for Robert P. Strell.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

This is an appeal, pursuant to 28 U.S.C. § 158(a), from an order of United States Bankruptcy Judge John W. Creahan (W.D. N.Y.), entered June 25, 1987, which denied the appellant's application for an allowance of compensation to the law firm of Grove, Hogan, Hogan, Douglas and Pope ("Hogan"). The application of Hogan was denied because the Bankruptcy Judge found that the services rendered by Hogan did not benefit the estate. Hogan appeals this order claiming that his services did in fact benefit the estate and that the Bankruptcy Judge thereby abused his discretion in denying the application.

This bankruptcy case was commenced December 14, 1984 by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code. A trustee was then appointed to administer the debtor's estate. This case was later converted to a Chapter 7 case under the Bankruptcy Code. Hogan notified the Bankruptcy Court that he would be representing Jack Liffiton, the sole shareholder of the debtor corporation. An order then issued March 14, 1986 substituting Hogan as the attorney of record for Sandra Cotton, Inc., the debtor. As the Bankruptcy Judge correctly pointed out, the confusion existed because Hogan's application for compensation stated that he is the attorney of record for Jack Liffiton and that an order was entered substituting him as attorney of record for Sandra Cotton, Inc., the debtor. The Bankruptcy Judge did not base his decision on the ground that Hogan may have represented Jack Liffiton and not the debtor corporation, but rather it was based on his finding that Hogan's services neither benefited the estate nor aided in its administration.

Bankruptcy Rule 8013 provides that a District Court "shall not" set aside a Bankruptcy Judge's findings of fact unless "clearly erroneous." As to challenges to a Bankruptcy Court's conclusions of law, this Court must make an independent determination of the applicable law. *In re Tesmetges*, 47 B.R. 385, 388 (E.D.N.Y.1984). More specifically, the standard of review on appeal from a compensation determination under 11 U.S.C. § 330 is that the Bankruptcy Judge's determination is to be upheld unless such judge has abused his discretion. *In re Ferkauf, Inc.*, 56 B.R. 774, 775 (S.D.N.Y.1985) (*citing Matter of Futuronics, Corp.*, 655 F.2d 463, 471 (2d Cir. 1985)). Such an abuse of discretion can arise from the judge's failure to apply the appropriate legal standards or the making of findings that were clearly erroneous.

Judge Creahan specifically found that it was "beyond peradventure that [Hogan's services] did not benefit the estate nor were they an aid to its administration."

An attorney for the debtor—if Hogan was in fact the attorney for the debtor—is entitled to compensation from the estate only if the services rendered were of value to the administration of estate or for its benefit. *E.g., In re Maller Restaurant Corp.*, 57 B.R. 72, 74 (Bkrtcy.E.D.N.Y.1985); *In re Tabala*, 48 B.R. 871 (Bkrtcy.S.D.N.Y.1985). This Court finds, after reviewing the record and Judge Creahan's Order, that Judge Creahan's finding that Hogan's services did not benefit the estate was not clearly erroneous and it was therefore not an abuse of his discretion to deny Hogan's application for compensation.

A review of Hogan's application and supplemental affidavit show that his services consisted mainly of appealing the Bankruptcy Court's Order converting the case to a Chapter 7 from a Chapter 11, opposing the creditor's motion for relief from the automatic stay imposed and a motion seeking a stay pending appeal from the conversion order. These services were found not to benefit the estate and this Court finds no error in these findings. These services appeared to hinder the estate's administration and not to aid it and they were obviously not done with the trustee's authorization, as he was the one who moved for the conversion to Chapter 7.

Traditional services performed by a debtor's attorneys which aid in the estate's administration and are expended for its benefit are, for example, bringing the case into the court, preparing the necessary schedules and assisting the debtor in reporting its liabilities and assets for administration. *In re J.V. Knitting Services, Inc.*, 22 B.R. 543, 7 C.B.C.2d 24, 25–26 (Bkrtcy., S.D.Fla.1982). Not only was none of these services rendered by Hogan but the services he did render appear to have been in opposition to the trustee and to the estate's administration. Even though an attorney's effort, if successful, may have benefited the debtor or the estate, he is not entitled to compensation if his efforts, in fact, obstructed or impeded the administration of the estate. *Ibid.* Hogan's efforts here were clearly unsuccessful and it is merely speculative that they would have benefited the debtor or the estate if successful.

Hogan has brought to this Court's attention two bankruptcy cases which have allowed compensation to debtors' attorneys even though their efforts were totally unsuccessful. *In Re Mandalay Shores*, 62 B.R. 758, 761 (Bkrtcy.M.D.Fla.1986); *In re Sayegh*, 62 B.R. 601 (Bkrtcy.S.D.Tex.1986). Granted, mere success is not the lone factor in determining the appropriateness of fees but this does not change the basic tenet of 11 U.S.C. § 330, that fees are to be awarded only to those who perform services beneficial to the estate. Hogan has entirely failed to show that his services were a benefit to the estate and therefore this Court does not find Judge Creahan's order to be an abuse of his discretion.

Accordingly, it is hereby ORDERED that Bankruptcy Judge Creahan's Order entered on June 25, 1987 is affirmed.