In re Charles W. MARKER and
Carolyn E. Marker, Debtors.

Bankruptcy No. 84–06038 (11).

United States Bankruptcy Court,
N.D. Alabama.

May 19, 1989.

Robert Rubin and Don Wright, Birmingham, Ala., for debtors.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON APPLICATION FOR AWARD OF INTERIM COMPENSATION AND EXPENSES, AND AMENDMENT TO APPLICATION

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction—*

In the above-styled case an application for award of interim compensation and expenses was filed by the debtor's attorney on July 27, 1988, followed by an amendment to the application on March 6, 1989. The attorney requested that the two applications be considered the applicant's "Application for Award of *Final* Compensation and Expenses." Both applications were sent to parties in interest, giving notice and opportunity for hearing with no objections or requests for hearing being timely filed. After the applications were reviewed by the bankruptcy administrator and recommendations given thereon, the applications came before the Court for its consideration.

*Findings of Fact—*

1. The debtors filed a voluntary petition under title 11, chapter 11, United States Code, on November 9, 1984;

2. An order approving the employment of Robert B. Rubin and the law firm of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, P.C. was entered by the Court on December 6, 1984, *nunc pro tunc* November 13, 1984;

3. On motion of the United States trustee, the case was converted to a case under chapter 7 on May 1, 1986;

4. On motion of the debtors to reconsider, the case was reconverted to a case under chapter 11 on June 11, 1986;

5. An order to appoint a trustee was entered by the Court on August 8, 1986;

6. A notice of appointment of the trustee was entered by the Court on August 19, 1986, and an order approving the appointment of a trustee was entered on August 26, 1986; and

7. The application includes a request of $6,390.00 for fees and $590.17 for expenses from the time initial services were rendered until the time the order approving the appointment of a trustee was entered.

*Conclusions of Law—*

The compensation of officers of the bankruptcy estate is governed by 11 U.S.C. § 330(a) which provides:

After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on

the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

Reference to 11 U.S.C. § 503(b)(2) is also required when the applicant prays for the allowance of compensation to be paid out of the bankruptcy estate. Section 503(b)(2) provides:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(2) compensation and reimbursement awarded under section 330(a) of this title.

■ The issue the Court must consider is whether the services rendered by the debtors' attorney must be found to have benefited the estate in some way for the attorney to be compensated out of the funds of the estate. It has generally been held that in answering this question, the Bankruptcy Code follows the Bankruptcy Act and its case law, with the exception of the rate of compensation to be paid. See *In re Penn–Dixie Industries, Inc.,* 18 B.R. 834 (Bankr. S.D.N.Y.1982); *In re Underground Utilities Construction Company,* 13 B.R. 735 (Bank.S.D.Fla.1981); *cf., Norton Bankruptcy Law and Practice* § 13.30 (Supp. 1984); *2 Collier on Bankruptcy* ¶ 330.-04[3] (15th ed., Supp.1989).

Under the Act, based on the Supreme Court's decision in *Randolph v. Scruggs,* 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (1903), articulating the benefit principle, the majority point of view has been that for services of the debtors' attorney to be compensable, they must benefit the administration of the estate. In applying this principle, the Court, in *In re Evenod Perfumer, Inc.,* 4 F.Supp. 916, 917 (S.D.N.Y.), aff'd, 67 F.2d 878 (2d Cir.), *cert. denied,* 291 U.S. 671, 54 S.Ct. 455, 78 L.Ed. 1060 (1933), stated:

The allowance to the bankrupt's attorney ordinarily covers only work done in promoting the administration of the estate and in assisting the bankrupt to perform his duties, such as drafting and filing the petition, drafting and filing the schedules, attendance at the first meeting, and other services in furtherance of the winding up of the proceedings.

See also *In re Jones,* 665 F.2d 60 (5th Cir.1982); *In re Orbit Liquor Store,* 439 F.2d 1351 (5th Cir.1971); *In re Rothman,* 85 F.2d 51 (2d Cir.1936); and *In re Breus,* 4 B.C.R. 1029 (Bankr.N.D.Ga.1978).

As the court in *In re Zweig,* 35 B.R. 37 (Bankr.N.D.Ga.1983) states:

The court finds that the "benefit to the estate" analysis is the better view for policy reasons. The court recognizes that many of the services performed by a debtor's attorney do benefit the estate. Allowing compensation from the estate for these services, while denying it for services of a more personal nature, such as defending an objection to discharge or a complaint to determine dischargeability of a debt, would further the "fresh start" objective of the Bankruptcy Code while not putting the full burden of the debtor's legal expenses on the estate and, consequently, the creditors.

Also see *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977); *In re Eastwood,* 239 F.Supp. 847 (D.Or.1965); *In re Ryan,* 82 B.R. 929 (N.D.Ill.1987); *In re Sandra Cotton, Inc.,* 91 B.R. 657 (W.D. N.Y.1988); *In re J. V. Knitting Services, Inc.,* 22 B.R. 543, 547 (Bankr.S.D.Fla.1982); and *In re Rhoten,* 44 B.R. 741 (Bankr.M.D. Tenn.1984).

Chapter 11 of the Bankruptcy Code established procedures whereby an attorney is compensated for the services rendered in counseling and assisting whoever controls the estate's assets and operations, whether that be the debtor-in-possession, or the trustee. Under 11 U.S.C. § 1107 a debtor-in-possession has all the rights (other than the right of compensation), powers, obligations and duties of a trustee. However, once a trustee is appointed, the debtor-in-possession ceases to exist. "Debtor-in-possession" as defined by 11 U.S.C. § 1101(1), "means debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case." The trustee, upon approval of appointment, replaces the debtor-in-possession in administering the assets of the estate and protecting the creditor's interests.

Just as the trustee replaces the debtor-in-possession, the trustee's attorney replaces the attorney for the debtor-in-possession in providing counsel and assistance in the administration of the estate. Where the services of the debtor's attorney duplicate the duties of the trustee and the attorney for the trustee, or are designed to benefit the debtor personally, the attorney's services are not compensable out of the estate. See *In re Orbit Liquor Store,* 439 F.2d 1351

(5th Cir.1971); *In re Cle–Ware Industries, Inc.,* 493 F.2d 863 (6th Cir.1974); *In re NRG Resources, Inc.,* 64 B.R. 643 (Bankr. W.D.Louis.1986); and *In re Spencer,* 48 B.R. 168 (Bankr.E.D.N.C.1985).

■ The absence of any exception by the case trustee or the bankruptcy administrator to this request for an award of more than $33,000.00 from the estate must be thought as indicating—at best—a lethargic involvement in this matter. But in addition to examining the validity of any objections raised by a party in interest to the requested compensation, the Court has an independent duty to investigate the reasonableness of the compensation requested. See Bankruptcy Rules 2016(a) and 2017(a); *In re Temple Retirement Community, Inc.,* 97 B.R. 333 (Bankr.W.D.Tex.1989); *In re Thomas, Inc.,* 43 B.R. 510 (Bankr.D.Mass. 1984). The applicant has failed to meet its burden of proof in requesting allowance of compensation after approval of the appointment of the chapter 11 trustee; specifically, the applicant has not shown any "benefit to the administration of the estate" which was not duplicative of the duties of the trustee or of the trustee's attorney or other service which was not of benefit to the debtors only. This would include work done on the plan of reorganization since the debtors lost that duty to the trustee under 11 U.S.C. § 1106(a)(5) when the debtors-in-possession were replaced. Some of the legal services for which compensation is sought were rendered in an effort to oppose the trustee's actions and to promote the personal interests of the debtors and may be labeled as being of "counter-benefit to the administration of the estate."

The applicant must look to its clients, the debtors, personally for compensation for work performed after the appointment of the trustee in this case. Such work was either duplicative (filing of a plan of reorganization) or of benefit to the debtors only (objecting to the trustee's proposed sale of property of the estate) and did not benefit the administration of the estate, and in some instances even hindered such administration. Involuntary clients, the creditors of the estate, may not be forced to accept and pay for something not requested and which is uncertain as to any beneficial effect upon the creditors' interests.

The billing system of the debtor's attorneys utilizes a minimum-time charge of ¼ of an hour (15 minutes). It does not appear that this minimum-charge factor has as its purpose the exclusion from the billing system of charges for services requiring less than 15 minutes but rather to increase the hourly rate charged for any service requiring less than the minimum 15 minutes. Neither the case trustee nor the bankruptcy administrator has indicated any consideration given by either to this element of the attorneys' application, and the Court declines to undertake a detailed examination of this factor in the application but will reconsider its award to the attorneys if requested to do so by either after he has made such an examination.

An order will be entered, awarding compensation of $6,390.00 and allowing expenses of $590.17 and allowing these as administrative expenses under 11 U.S.C. § 503(b)(2), with authority to apply to their payment the retainer of $5,200.00 received by the attorney from the debtors, with the remainder to be paid as provided in 11 U.S.C. §§ 507(a)(1) and 1129(a)(9)(A). The request for the balance of the fees and expenses will be denied.

Done at Anniston, Alabama, on this May 19, 1989.

ORDER ON APPLICATION FOR AWARD OF INTERIM COMPENSATION AND EXPENSES, AND AMENDMENT TO APPLICATION

After notice by mail to creditors and other parties in interest on August 29, 1988, and March 9, 1989, in the above-styled case, there came before the Court an application and amendment thereto by Robert B. Rubin, attorney for the debtors, for the Court to consider, at the applicant's request, the two applications together as the applicant's "Application or Award of *Final* Compensation and Expenses," and for the Court to award applicant fees and expenses and to authorize and direct the trustee to pay the compensation awarded and expenses approved. There was no objection by any party in interest to the applications.

The applicant requested an award of compensation at rates of between $40.00 per hour and $140.00 per hour for a total sum of $31,448.00, through January 20, 1989. The bankruptcy judge finds that the rates of between $40.00 and $140.00 per hour are not in excess of the customary fees for similar services rendered, that the other factors to be considered by the Court as set forth in *Matter of U.S. Golf Corp.,*

639 F.2d 1197, 1201 (5th Cir.1981) are not remarkable, and that compensation at the rates of between $40.00 and $140.00 per hour would be fair and reasonable.

The applicant further requested reimbursement of expenses incurred or paid in connection with the rendering of said professional services in the sum of $1,851.58.

In accordance with the Court's findings of fact and conclusions of law entered in the above-styled case on the present day, it is ORDERED by the Court that the applicant, Robert B. Rubin, Esquire, is awarded compensation in the amount of $6,390.00 for legal services rendered through August 26, 1986, and $590.17 as reimbursement of expenses, which are allowed as administrative expenses under 11 U.S.C. § 503(b)(1), that authority is given to the applicant to apply the retainer of $5,200.00 received by the applicant to the awarded fees and expenses, that the remainder of the awarded fees and expenses be paid as provided in 11 U.S.C. §§ 507(a)(1) and 1129(a)(9)(A), that the request for the balance of the fees and expenses is denied, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtors, the debtor's attorney, the trustee, the trustee's attorney, and the bankruptcy administrator.