**In re Lawrence B. GREENE and Helena Greene, Debtors.**

**Bankruptcy No. 85 B 20497.**

United States Bankruptcy Court, S.D. New York.

March 25, 1992.

their partnership AA Enterprises took in the property or the $65,000.00 advance that partnership received.

Harvey S. Barr, pro bono counsel, Spring Valley, N.Y., for debtor.

Helena Greene, pro se.

Otterbourg, Steindler, Houston & Rosen, P.C., New York City, for Gibraltar.

Barbara Balaber–Strauss, White Plains, N.Y., trustee.

## DECISION ON FEE APPLICATION OF PRO BONO COUNSEL TO DEBTOR

### HOWARD SCHWARTZBERG, Bankruptcy Judge.

Objections were filed to the fee application of the debtors' *pro bono* attorneys, Barr and Faerber, Esqs. ("Barr") by the United States trustee, Gibraltar Corporation of America ("Gibraltar") and by the debtors themselves, whose discharges were previously denied and who seek to maximize the distribution to creditors so as to minimize their personal exposure.

### *Background*

On March 28, 1985, the debtors, Lawrence B. Greene and his wife, Helena Greene, filed with this court separate petitions for an adjustment of debts under Chapter 13 of the Bankruptcy Code. They were not represented by counsel and prosecuted the cases *pro se*. On July 10, 1985, this court held that the debtors could not apply the automatic stay imposed under 11 U.S.C. § 362(a) to enjoin the Internal Revenue Service from pursuing third-party recordkeeper summonses which were issued to banks for the production of records pertaining to the debtors' financial records and for the records of a corporation owned by the debtors. *In re Greene*, 50 B.R. 785 (Bankr.S.D.N.Y.1985). The debtors continued to represent themselves *pro se*.

On August 27, 1985, this court determined that the separate Chapter 13 cases filed by the debtors were ineligible for relief under Chapter 13 because their debts exceeded the statutory minimum for secured and unsecured debts specified in 11 U.S.C. § 109(e).

On July 3, 1985, the *pro se* debtors filed an objection to Gibraltar's claim. An evidentiary hearing was held as to the objection. On September 6, 1985, this court entered orders in the debtor's Chapter 13 cases determining that Gibraltar held a secured claim against the debtors' home in the amount of $270,000.00 under two separate mortgages, each in the sum of $135,000.00. The debtors' obligation to Gibraltar arose under personal guarantees which the debtors issued to Gibraltar in consideration for Gibraltar's financing the accounts receivable of a zipper manufacturing company that the debtors once owned and which was liquidated under Chapter 7 of the Bankruptcy Code.

Thereafter, the court approved the debtors' motion for the appointment of *pro bono* counsel with the result that the United States trustee appointed Barr *pro bono* counsel for the debtors. The court then afforded the debtors a second trial with respect to their objections.

A second trial was held on August 27, 1985, following discovery sought and had by counsel for the debtors. The second trial resulted in a reconfirmation that the debtors were obligated to Gibraltar under their written guarantees of payment and under the two mortgages for a total debt of $954,356.08. Accordingly, their Chapter 13 cases were dismissed as exceeding the statutory limits expressed in 11 U.S.C. § 109(e).

The debtors appealed this court's finding and ruling to the District Court with the result that Chief Judge Charles L. Brieant dismissed their appeal as moot because, in the interim, they filed a Chapter 11 case with the Bankruptcy Court on October 21, 1985.

By order dated January 8, 1987, the Second Circuit Court of Appeals affirmed Chief Judge Brieant's decision and ruled that their petition for relief under Chapter 13 was moot.

On October 21, 1985, the day before Gibraltar's mortgage foreclosure sale was to take place with respect to the debtors' only asset, their Mediterranean style home in Larchmont, New York, overlooking Long Island Sound, the debtors filed with this court a joint petition under Chapter 11 of the Bankruptcy Code. The Chapter 11 petition was filed by Barr as *pro bono* counsel to the debtors. Gibraltar then moved pursuant to 11 U.S.C. § 1112(b)(1) to convert the Chapter 11 case to Chapter 7 because there was no likelihood of rehabilitation and there was a continuing diminution of the estate. Gibraltar's motion was de-

fended by Barr as *pro bono* counsel for the debtors. The motion was granted and an order for conversion to Chapter 7 of the Code was entered. *In re Greene,* 57 B.R. 272 (Bankr.S.D.N.Y.1986).

Thereafter, the Chapter 7 trustee and a creditor moved to deny the debtors' discharges under 11 U.S.C. § 727(a)(3) for concealing recorded information from which their financial condition or business transactions might be ascertained. After a trial, at which the debtors appeared *pro se,* this court ruled that their discharges should be denied. *In re Greene,* 81 B.R. 829 (Bankr. S.D.N.Y.1988). The denial of their discharges was affirmed on appeal. *In re Greene,* 103 B.R. 83 (S.D.N.Y.1989), *aff'd,* 904 F.2d 34 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 784, 112 L.Ed.2d 847 (1991).

The Barr firm did not represent the debtors in the discharge matters, having been replaced with court approval by the firm of Munver, Tanenhaus & Storch, P.C. who were retained by the debtors in their Chapter 7 case.

In support of a fee application in the sum of $82,558.30, Barr itemizes the *pro bono* work performed by this firm, including a request for a new trial on the issue of the dismissal of the Chapter 13 petitions; preparation and trial of the new trial which resulted in a reaffirmation of the previous decision to dismiss the Chapter 13 cases as exceeding the statutory maximums allowed under 11 U.S.C. § 109(e); the preparation and filing of a Chapter 11 case in order to prevent the sale of the debtors' sole asset, their home; an unsuccessful opposition to Gibraltar's motion to convert the debtors' Chapter 11 case to Chapter 7; the filing of an answer to the Chapter 7 trustee's objection to the discharges; support of the debtors' claim for an exemption which was opposed by the Chapter 7 trustee and the preparation of a motion for the turnover to the debtors of exempt assets, which was denied by this court, and affirmed on appeal. *In re Greene,* 76 B.R. 940 (S.D.N.Y. 1987), *aff'd,* 859 F.2d 148 (2d Cir.1988).

During the Chapter 7 case, the debtors commenced a third hearing with respect to

their objections to Gibraltar's claim. This hearing was held for the purpose of allowing the debtors to submit any new evidence that might affect the amount of Gibraltar's claim. The debtors were represented by substituted counsel retained by them for this purpose, namely, Munver, Tanenhaus & Storch, P.C. By decision dated October 24, 1988, this court sustained Gibraltar's secured claim of $270,000.00 but reduced its unsecured claim to $648,346.08. This decision was affirmed by the district court on March 5, 1990.

The Barr firm represented the debtors *pro bono* from the time of the appointment by the office of the United States trustee up to the time fundamental differences arose in the Chapter 7 case between Barr and the debtors which made it impossible for Barr to continue to represent them. Barr summarizes their activities as follows:

(a) Immediately upon being appointed counsel for the debtors, your applicant moved, by order to show cause, for a new trial on the issue of the dismissal of the Chapter 13 petition filed by the debtors. Your applicant expended a great deal of time in the preparation of the initial applications, supporting memorandum of law and was ultimately successful in obtaining for the debtors a new trial on this issue.

(b) Upon the granting of the right to a new trial, your applicant was required to immediately prepare for trial which was scheduled only two (2) weeks after the court granted the debtors' application for the new trial. During the intervening periods, your applicant had to become familiar with the proceeding, attended examinations before trial, and prepared for trial.

(c) After a full day of trial, the court rendered its decision which was consistent with its prior decision dismissing the debtors' Chapter 13 petition. Your applicant prepared the appropriate notice of appeal and designation of record on appeal. The appeal was perfected, memoranda of law were prepared and the matter argued before the Honorable Charles

Brieant who affirmed this court's decision.

(d) After the Chapter 13 proceedings were dismissed, your applicant *sought to protect the debtors' interest in their real estate.* When it became apparent that the protection of the Bankruptcy Court was the only possible solution to the debtors' problems, your applicant prepared and filed a Chapter 11 petition and schedules on the debtors' behalf.

(e) Concurrently with the bankruptcy hearings, your applicant met on numerous occasions with the debtors regarding the claim of Gibraltar Corporation of America ("Gibraltar") and further met with representatives of Gibraltar in *an effort to clarify and determine the validity of the claim of Gibraltar to the debtors' assets.*

(f) Additionally, your applicant unsuccessfully opposed an application to dismiss or convert the Chapter 11 proceedings. The court converted the proceedings to a Chapter 7 case and appointed Barbara Balaber–Strauss, Esq. as trustee.

(g) Your applicant continued to represent the debtors during the converted Chapter 7 proceedings and cooperated with the trustee to the best of your applicant's ability and knowledge of the affairs of the debtors.

(h) Your applicant further *filed an answer to the trustee's complaint objecting to discharge and engaged in the preliminary aspects of the discharge proceeding* which took place prior to the applicant's withdrawal as counsel.

(i) The trustee also opposed the debtors' claim of exemption and your applicant *devoted much time and effort protecting the debtors' interest including the preparation of a motion for the turnover of* exempt assets, which was denied, and the subsequent appeal of the court's decisions to the Honorable Robert Sweet.

(j) The trustee further claimed a right to inspect the house owned by the debtors which was vigorously opposed by the debtors. Your applicant attempted to obtain the cooperation of the debtors, *while at the same time protecting their interest and spent numerous hours acting as a buffer between the trustee and the debtors.*

(k) In addition to the foregoing, your applicant reviewed the application for an interim fee award and submitted responsive papers and appeared at the hearing on the application.

(*l*) Your applicant further filed an objection to the claim of Gibraltar and expended extensive time with both the debtors and with the attorney for Gibraltar, Otterbourg, Steindler, Houston & Rosen, in preparation for the hearing on the objection to claim.

*Application of Barr for Compensation,* at 2–4 (emphasis added).

One of the objectants, Gibraltar, holds an unsecured claim of $648,346.08, which amounts to approximately 85 percent of the allowed unsecured claims against the debtors. Its $270,000.00 secured claim has been satisfied from the proceeds of sale with respect to the debtors' home. Gibraltar asserts that Barr's *pro bono* services for the debtors were solely for the debtors' benefit in opposing Gibraltar's claim against them and in order to save their home from sale. Gibraltar contends that Barr performed no legal services for the benefit of the estate and agreed to work *pro bono* and, therefore, is entitled to no compensation. In response, Barr notes that Subd. 8 of the Rules Governing Procedures For Appointment of *Pro Bono* Counsel in Bankruptcy Proceedings, App. B, adopted by the Bankruptcy Court for the Southern District of New York, and applicable when Barr was appointed, provides for compensation as permitted by applicable law.[1]

---

**1.** 8. *Compensation for Services*

(a) If the matter is one for which compensation for legal services may become available to the appointed counsel by virtue of the Bankruptcy Code or other statutory authority,

the Panel Administrator shall furnish information with regard thereto to the party at the time an application for appointed counsel is made. The Panel Administrator shall also inform the party that any award of counsel

The Chapter 7 trustee reports that the estate had gross receipts of $947,151.98. After disbursements there is now on hand the sum of $179,361.78. The United States trustee has approved the final applications submitted by the trustee, counsel for the trustee and accountant for the trustee. Their applications are approved as reasonable and necessary in the administration of this estate. After deducting these allowances there remains approximately $108,-587.11 on hand, out of which *pro bono* counsel seeks an allowance, namely $82,-558.30 and out of pocket expenses of $1,243.38.

## DISCUSSION

Although the debtor's counsel, Barr, accepted the retention on a *pro bono* basis, such retention was undertaken in the context of the local *pro bono* rule which authorized compensation for such services in accordance with applicable law, if funds became available. The governing rule for compensation of professionals is found in 11 U.S.C. § 330(a) which provides:

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title;

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1) & (2).

◾ Section 330 applies in all bankruptcy cases, regardless of which chapter of the Bankruptcy Code is involved. *In re*

*Reed*, 890 F.2d 104, 105 (8th Cir.1989). The fees awarded to an attorney for the debtor are determined in the light of the benefits those services produced for or in connection with the estate only, because fees are not allowed for services that benefit the debtor but not the estate. *Id.* at 106; *In re Office Products of America, Inc.*, 136 B.R. 983, 22 B.C.D. 912 (Bankr.W.D.Tex.1992); *In re Maller Restaurant Corp.*, 57 B.R. 72 (Bankr.E.D.N.Y.1985). *See In re Citrone Development Corp.*, 106 B.R. 359, 360 (Bankr.S.D.N.Y.1989).

◾ In determining the amount of reasonable fees to be awarded, the courts are guided by the so-called twelve factors expressed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). *See also Equal Employment Opportunity Commission v. Service News Co.*, 898 F.2d 958 (4th Cir.1990) (arriving at "lodestar" amount). The fact that neither the debtors' Chapter 13 cases nor their Chapter 11 case achieved a successful result is not a *per se* reason for denying the debtors' counsel any compensation although this fact must be taken into consideration in ascertaining the value of the legal services to the estate. *In re Amstar Ambulance Service, Inc.*, 120 B.R. 391, 395–96 (Bankr.N.D.W.Va.1990); *In re Muir Training Technologies, Inc.*, 120 B.R. 154, 162 (Bankr.S.D.Cal.1990).

◾ In the instant case, the *pro bono* services for the debtors were necessary in their Chapter 13 cases to assist the debtors in objecting to Gibraltar's claim. It matters not that Gibraltar's secured and unsecured claims totalled approximately 90 percent of all claims or that Gibraltar's unsecured claim amounted to about 85 percent of the unsecured claims. The debtors, act-

fees may only be made by the Court upon application of counsel and on grounds permitted by law. Upon appropriate application by appointed counsel, and taking into consideration counsel's initial agreement to take the matter without compensation, the judge may award counsel fees to the appointed counsel or law firm for services rendered, as permitted by applicable law.

(b) If, after appointment, the appointed counsel discovers that the party is able to pay for

legal services, counsel shall bring this information to the attention of the Panel Administrator. Upon appropriate motion, the Court may thereupon permit counsel to continue the representation in the expectation that a fee will be granted in connection with the matter or relieve counsel from the representation and permit the party to retain other counsel or proceed *pro se.*

ing in their fiduciary capacities as Chapter 13 debtors, were entitled to attempt to reduce objectionable or unallowable claims for the benefit of their estates. Gibraltar was the largest creditor, but not the only creditor. Accordingly, Barr's legal services in support of the debtors' objections to Gibraltar's claim, even though unsuccessful, warrants reasonable compensation.

■ Similarly, Barr's preparation of a Chapter 11 petition for the debtors served to protect the debtors' only asset, their home, from the state court foreclosure action commenced by Gibraltar. Thereafter, it was clear that the debtors could not achieve a successful Chapter 11 reorganization because they had insufficient capital to fund a Chapter 11 plan and Gibraltar, as the largest secured and unsecured claimholder could veto any plan they proposed. Indeed, their proposed plan was totally insufficient to pass muster under 11 U.S.C. § 1129(b). The debtors' continuation of the Chapter 11 case was simply a delaying action intended to stall Gibraltar from foreclosing on their home. It was obvious that the Chapter 11 case should be converted. Therefore, the legal services performed by Barr in resisting the conversion to Chapter 7 were not in the interests of the estate and were solely for the debtors' benefit. As such, these services may not be compensated from the estate. It should have been clear to all that the debtors' could not effect a successful Chapter 11 reorganization and that the case should have been promptly converted to Chapter 7. *Muir Training,* 120 B.R. at 162 ("[I]t should have been obvious to the applicant that for some time prior to conversion that Muir would not be able to successfully reorganize."). *See also In re S & E Oil Co., Inc.,* 66 B.R. 6, 8 (Bankr.W.D.La.1986) ("The debtor's attorney allowed the tail to wag the dog and caused costly delays in the administration of the case because it should have been obvious to counsel that the debtor would not be able to reorganize.").

■ Manifestly, after the Chapter 11 case was converted to Chapter 7, the debtors' *pro bono* counsel may not receive compensation for resisting the trustee's efforts to obtain possession of the debtor's property or for filing an answer in opposition to the trustee's objection to the debtors' discharges. These services for the debtor did not benefit the estate and its creditors. *In re Oakes,* 135 B.R. 511 (Bankr.N.D.Ohio 1991); *In re Marker,* 100 B.R. 569 (Bankr. N.D.Ala.1989); *In re Ryan,* 82 B.R. 929 (Bankr.N.D.Ill.1987).

■ In light of the foregoing, *pro bono* counsel for the debtors will be credited with having performed legal services which benefitted the estate in general up to January 19, 1986, when services were performed in opposition to the motion to dismiss or convert the debtors' Chapter 11 case. The time incurred for the allowed services aggregated 243.65 hours. From this figure there must be subtracted 18.8 hours attributed to activities with respect to the state court foreclosure action against the debtors' home. *Pro bono* counsel was not authorized by this court to perform any services in connection with the state court foreclosure action. Counsel will only be credited for legal services performed with respect to this court. Accordingly, Barr may be compensated for 224.85 hours of *pro bono* services at the requested rate of $150 per hour, for a total fee of $33,727.50, together with properly incurred expenses at 1,243.38 for a total of $34,-970.88.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The application for allowances and reimbursement by the Chapter 7 trustee, the attorney for the trustee and the accountant for the trustee are allowed.

3. The application of *pro bono* counsel, Barr, for an allowance in accordance with local *Pro Bono* Rule 8 and 11 U.S.C. § 330 is granted to the extent of $33,727.50, as representing services beneficial to the estate, together with expenses of $1,243.38.

SETTLE ORDER in accordance with the foregoing.