**In re Stephen AMBERG and Jacqueline Amberg, Debtors.**

**Bankruptcy No. 88–00590.**

United States Bankruptcy Court, D. Connecticut.

Dec. 15, 1992.

Kenneth E. Lenz, Dice, Maloney, Lenz & Malloy, P.C., Cheshire, CT, for debtors.

---

Richard Belford, Belford and Belford, New Haven, CT.

Eric J. Small, New Haven, CT, Asst. U.S. Trustee.

## MEMORANDUM AND ORDER ON APPLICATION FOR ATTORNEY'S FEE UNDER § 330(a) BY COUNSEL FOR CHAPTER 7 DEBTORS

ALAN H.W. SHIFF, Bankruptcy Judge.

The debtors' attorney, Kenneth E. Lenz, has filed an application for final allowance of compensation and reimbursement of expenses. For the reasons that follow, the application is denied.

### BACKGROUND

On July 14, 1988, the debtors filed a joint petition under chapter 7. On May 29, 1992, Attorney Lenz filed an Application for Final Allowance of Compensation and Reimbursement of Expenses to Debtors' Attorney in the net amount of $9,063.46, which was subsequently amended to $7,563.40. Attorney Lenz has conceded that those services did not benefit the estate.[1] The sole issue here is whether the amended application should be paid by the estate.

### DISCUSSION

Section 330 of the Code provides in relevant part:

> (a) After notice ... and a hearing, ... the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—
>
> > (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be ... based on the nature, the extent, and the value of such services ...
> >
> > (2) reimbursement for actual, necessary expenses. (emphasis added)

Attorney Lenz contends that while his services did not benefit the estate, a finding of benefit is merely one factor and not a condition precedent to compensation under § 330(a). The chapter 7 trustee does not oppose the application, contending that although the services did not benefit the estate and were to some extent adverse to its interests, there is no requirement under § 330(a) that services benefit the estate. He acknowledges, however, that his position reflects a minority view. The United States Trustee objects, contending that to be compensable, services must benefit the estate.

In probing the meaning of the words "actual and necessary" in § 330(a), it is useful to consider the decisions of other courts which have interpreted the use of those words in other sections of the Code. *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988) ("Statutory construction, however, is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme—because the same terminology is used elsewhere in a context that makes its meaning clear ...").

The Second Circuit Court of Appeals has held in a chapter 11 context that, "[b]ecause the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among his creditors, statutory priorities are narrowly construed." *Trustees of the Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 100 (2d Cir.1986). Applying that principle, the court concluded that, in order for an item to qualify as an actual and necessary cost and expense of preserving the estate under § 503(b)(1)(A),[2] it must be "both supplied to and beneficial to" the debtor in possession. *Id.* at 101. *See also, NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d

---

**1.** For example, after the trustee commenced an action against the debtors' relatives to avoid certain mortgages as preferential and fraudulent transfers, Attorney Lenz assisted the defendants by trying to demonstrate that the debtors were not insolvent at the time of the transfers.

Attorney Lenz also voided two judicial liens which impaired the debtors' exemptions.

**2.** Section 503(b)(1)(A) of the Code provides for the allowance of "the actual, necessary costs of preserving the estate" as administrative expenses (emphasis added).

957 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 873, 116 L.Ed.2d 778 (1992); *In re Rhymes, Inc.,* 14 B.R. 807, 808 (Bankr.D.Conn.1981) ("Claims for allowance of an administrative expense under this subsection of the Code [§ 503(b)(1)(A)] are judged by the actual value received by the estate. An administrative expense only qualifies to the extent that it was necessary for the preservation of the estate."). The issue, then, is whether, like § 503(b)(1)(A) expenses, § 503(b)(2) fees and expenses for services rendered by a debtor's attorney must benefit the estate in order to be allowed under § 330(a). I conclude that they must.

Fees and expenses that are recoverable under § 330(a) are an administrative expense under § 503(b)(2). Section 507(a)(1) gives a first priority to all administrative expenses under § 503(b), so that these claims are paid ahead of the claims of general unsecured creditors. The policy underlying the administrative expense priority is to insure the efficient administration of the estate, so that the creditors may receive the maximum possible distribution. *See Trustees of the Amalgamated Ins. Fund, supra,* 789 F.2d at 101 ("Congress granted priority to administrative expenses in order to facilitate the efforts of the trustee or debtor in possession to rehabilitate the business for the benefit of all the estate's creditors."). That policy remains the same whether the goal is a chapter 11 reorganization or a chapter 7 liquidation. *See In re Kingsbury,* 146 B.R. 581 (Bankr. D.Me.1992), at p. 586 (estate's payment of debtor's attorney's fees incurred in defense of dischargeability complaint would deplete "substantial portions of the assets collected to pay creditors and administration expenses"); *In re Holden,* 101 B.R. 573, 576 (Bankr.N.D.Iowa 1989) (paying chapter 7 debtor's attorney's fees from estate assets for services which benefitted only the debtor would reduce distribution to creditors).

Moreover, by its plain language, § 330(a) relates not only to a debtor's attorney, but also to professional persons employed under § 327 of the Code. The professional persons so employed may only be compensated to the extent that they perform actual and necessary services, *see* § 330(a)(1), which must mean that they render those services for the benefit of the estate. *See* 11 U.S.C. § 327(a) (relating to employment of designated persons who "represent or assist the trustee in carrying out the trustee's duties"). It is unlikely that § 330(a), which requires the services of others to be an actual and necessary benefit to the estate, was intended to allow the payment of a chapter 7 debtor's attorney whose services did not achieve that result.[3] To hold otherwise would permit payment of a chapter 7 debtor's attorney for services that are adverse to the estate out of funds that would otherwise be available to unsecured creditors. *See, e.g., Canatella v. Towers (In re Alcala),* 918 F.2d 99 (9th Cir.1990); *In re Reed,* 890 F.2d 104 (8th Cir.1989); *In re Kingsbury, supra; In re Greene,* 138 B.R. 403 (Bankr.S.D.N.Y.1992); *In re Holden supra. But see In re Deihl,* 80 B.R. 1 (Bankr.D.Me.1987); *In re Jensen–Farley Pictures,* 47 B.R. 557, 587 (Bankr.C.D.Utah 1985); *but cf. Alabama Surface Mining Comm'n v. N.P. Mining Co., Inc. (In re N.P. Mining Co., Inc.),* 963 F.2d 1449 (11th Cir.1992) (allowing administrative expense payment of penalties for mining violations occurring post-petition as costs ordinarily incident to operation of business, even though payment of penalties conferred no benefit on estate).

### ORDER

For the foregoing reasons, the Application for Final Allowance of Compensation and Reimbursement of Expenses to Debtors' Attorney is denied and IT IS SO ORDERED.

---

**3.** Attorneys for chapter 11 debtors in possession are included in § 330(a) by the phrase "professional person employed under section 327".