**In re Gabe TOLAN, Debtor.**

**Bankruptcy No. 380–01052.**

United States Bankruptcy Court, M.D. Tennessee.

Aug. 15, 1984.

James William Lincoln, III, Nashville, Tenn., Charles L. Denaburg, Birmingham, Ala., for Citizens Bank & Trust.

Harry D. Lewis, Nashville, Tenn., for Gabe Tolan.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

This matter is before the court on two applications for fees and expenses of attorneys representing a secured creditor, Citizens Bank & Trust Company ("Citizens Bank"). After consideration of the briefs, arguments, affidavits and stipulations, the court finds that the creditor may include in its claim attorney's fees of $3,491.25 and expenses of $216.50 for Charles L. Denaburg, Esq. ("Denaburg") of Birmingham, Alabama and attorney's fees of $3,412.50 and expenses of $68.50 for James William Lincoln, III, Esq. ("Lincoln"), local counsel for the creditor.

The following constitute findings of fact and conclusions of law as required by Rule 7052 of the Bankruptcy Rules.

■ The Bankruptcy Code authorizes the inclusion of attorney's fees and other costs of collection in the claims of secured creditors under certain circumstances. 11

U.S.C.A. § 506(b) (West 1979) provides that:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

The allowance of attorney's fees is governed by the agreement between the parties and should be strictly construed. *See, e.g., Federal National Mortgage Ass'n. v. Cosby,* 33 B.R. 949 (Bankr.E.D.Pa.1983); *In re Roberts,* 20 B.R. 914, 920 (Bankr.E.D. N.Y.1982). A note executed between the debtor and Citizens Bank allowed for the recovery of attorney's fees if collection became necessary:

> To the extent legally permissible, the Debtor ... agrees to pay all reasonable costs of collecting, or securing, or attempting to do so, this Note, including, with respect to original principal amount or an original amount financed exceeding $300, an attorney's fee of 15% of the unpaid debt, whether the same be collected or secured by suit or otherwise.

A mortgage between the debtor and Citizens Bank also provided for the recovery of attorney's fees:

> That if it shall become necessary to employ an attorney to collect the debt, or any of the debts hereby secured, or any portion thereof, or to foreclose this mortgage by sale under the power herein contained, or by bill in equity, or by any action at law, then the said mortgagor shall pay and allow a reasonable attorney's fee and this mortgage shall stand as security for the payment of same.

The note and mortgage form the basis of the applications filed in this case. The court must determine what portion of the fees and expenses requested by the applicants are within the parameters of both § 506 and the loan documents.

It has been a difficult task to effectively evaluate the fee applications in this case. This bankruptcy case has spawned several adversary proceedings involving this creditor.[1] This court's effort to determine which fees relate to which matter has been handicapped by a lack of specificity in the applications and by a curious lack of cooperation by the applicants. The fee applications were first heard on December 6, 1983. Confusion abounded concerning the applicants' theories of recovery and the debtor's attorney objected strenuously to the allowance of any fees. The parties were directed to file stipulations regarding the facts relating to compensation. The parties were unable to stipulate sufficient facts and the matter was set for rehearing on April 24, 1984. The second hearing was nearly as useless as the first. At its close, the court again explained to the applicants how to prepare a fee request and the applicants were directed to submit supplemental materials. The applicants thereafter submitted somewhat more detailed applications.

## DENABURG APPLICATION

Denaburg's last affidavit requests compensation for 72.35 hours and out-of-pocket expenses of $725.75.

---

**1.** Adversary Proceeding No. 380–0407 was an objection to an agreement between the debtor and Moore Oil Co. Adversary Proceeding No. 380–0408 was commenced by Citizens Bank to modify the stay and allow a set-off of certain funds. Citizens Bank also filed Adversary Proceeding No. 380–0668 against Ronald Moore d/b/a Moore Oil Co. The complaint was dismissed by this court as without legal justification. Adversary Proceeding No. 381–0195 was the debtor's complaint against Citizens Bank and several other creditors to determine the priority of certain claims and resulted in an agreed order. The Order of May 24, 1982 pro-

vided for an allowance of attorney fees as part of Citizens Bank's claim:

> Defendants claim of an additional Four Thousand Six Hundred Thirty-two and 86/100 ($4,632.86) Dollars in attorney's fees, or such additional fees and costs as may be claimed under the provisions of the note, shall be paid, *if approved and allowed* by the Bankruptcy Judge having jurisdiction of the proceeding. Such fees as are allowed shall be paid by the Debtor to the Defendant for the use and benefit of its attorneys over a period of thirty-six (36) months in equal monthly installments.

Denaburg's application borders closely on complete disallowance because of the inadequacy of the records submitted. Denaburg's application is characterized by unrevealing or incomprehensible descriptions of the nature of the services for which compensation is sought. The affidavit of time changes submitted by this attorney contains innumerable entries cryptically describing events such as "Tel Call-Lincoln re. UCC"; "Letter to Lincoln re. fees"; "Letter to Lincoln re. hearing"; "Tel Call-client re. settlement." It is impossible from such entries for this court to determine what matter was at issue, whether the time expended falls within compensable time described in the security documents or in § 506 or whether the changes are reasonable, etc. Notwithstanding two hearings, two sets of affidavits and specific instructions from this court, the information normally provided by counsels seeking fees has yet to be supplied by Mr. Denaburg.

■ An applicant bears the burden of proof regarding the allowance of fees and the court must resolve any doubt concerning compensability against the applicant. *See, e.g., In re Underground Utilities Construction Co.,* 13 B.R. 735, 737 (Bankr. S.D.Fla.1981). As the bankruptcy court noted in *In re Horn & Hardart Baking Co.,* 30 B.R. 938, 944 (Bankr.E.D.Pa.1983):

> The Court should not be required to indulge in guesswork, nor undertake extensive labor to justify a fee for an attorney who has not done so himself. We do not find it to be an unbearable burden to require an attorney seeking compensation to enlighten the Court as to the nature of his toil and the relation it bears to the matter at hand. Absent such a statement, compensation may not be allowed.

Furthermore, as the court noted in *In re Hotel Associates, Inc.,* 15 B.R. 487, 488 (Bankr.E.D.Pa.1981):

> The Court does not require a fee application the size of a boring victorian novel. However, ... the Court believes that a justification of such fees and the applica-

tion for compensation is not an overly burdensome task.... The Court feels that the burden is on the attorney seeking compensation to establish the amount. The Court will not delve through the record of an extensive case, such as this one, in order to justify legal fees which counsel has not adequately documented in his application.

Denaburg bears the burden of demonstrating the compensability of hours and has been afforded every opportunity to do so.

■ Denaburg's application is also characterized by the absence of substantive legal work. The vast majority of entries constitute either reviewing correspondence from co-counsel in Nashville or telephone calls to the client. The entries for reviewing correspondence reflect endless duplication between Denaburg and his local counsel.

Six-tenths of an hour must be disallowed as too general of description to allow any determination of relationship to the collection of the note or mortgage or of reasonableness:

| | | |
|---|---|---|
| 9/10/80 | Review correspondence from Lincoln on ck | .1 hours |
| 6/9/81 | Telephone conference with Lincoln | .2 hours |
| 7/1/81 | Telephone call attorney Acker | .1 hours |
| 7/20/82 | Letter to Graham in response to July 7th letter | .1 hours |
| 8/17/82 | Telephone call to Lincoln regarding hearing | .1 hours |

Another 2.05 hours concerns Denaburg's relationship to his client, but does not appear to directly relate to the collection of Citizens Bank's note:

| | | |
|---|---|---|
| 10/20/80 | Correspondence to client regarding status of bankruptcy case | .1 hours |
| 12/9/80 | Correspondence to client forwarding check | .1 hours |
| 3/27/81 | Telephone call to client regarding hearing | .1 hours |
| 4/28/81 | Letter to client with status report on Tolan bankruptcy | .1 hours |
| 6/16/81 | Conference with client regarding review cases and status | 1.35 hours |

| 8/21/82 | Letter to client regarding fees | .1 hours |
| 2/14/83 | Telephone call to client regarding final resolution of case | .1 hours |
| 12/9/83 | Telephone call to client regarding hearing | .1 hours |

The seven-tenths of an hour related to the Moore Oil Company issue are not compensable under § 506 and are disallowed.[2] The dispute between Citizens Bank and Moore Oil Company does not directly involve Citizens Bank's collection of the notes from the debtor and, therefore, time expended relative to this matter will not be allowed:

| 10/16/80 | Correspondence to Lincoln regarding Moore Oil suit | .15 hours |
| 10/22/80 | Review correspondence from Lincoln regarding motion to transfer Moore Oil matter to bankruptcy | .1 hours |
| 10/22/80 | Review correspondence from Lincoln to client regarding status of transfer of Moore Oil case to bankruptcy | .1 hours |
| 10/29/80 | Review correspondence from Lincoln and review order regarding removal | .1 hours |
| 11/5/80 | Letter to Lincoln regarding order denying removal and possible future actions | .1 hours |
| 12/4/80 | Review correspondence from Lincoln and application to hold funds and review of adversary proceeding filed in bankruptcy against Moore Oil | .15 hours |

Other hours are unrelated to the collection of the bank's note and mortgage and, therefore, are not compensable under § 506. These hours relate to issues of general concern to all creditors in the bankruptcy case and have not been connected in any particular manner to the recovery of Citizens Bank's indebtedness or its security:

| 12/5/80 | Review correspondence from Lincoln regarding trustee in Tolan bankruptcy case | .1 hours |
| 12/9/80 | Review correspondence from Lincoln regarding denial of appointment of trustee, withdrawal of Holt as Tolan's attorney, review of objection application for interim fees filed by debtor's attorney | .15 hours |
| 12/12/80 | Review of correspondence from Lincoln regarding appointment of examiner | .1 hours |
| 1/20/81 | Review of correspondence from Lincoln regarding splitting of his partnership and his continuing to handle the Tolan case | .1 hours |
| 2/22/81 | Review correspondence from Lincoln regarding appointment of examiner | .1 hours |
| 6/29/82 | Letter to Lincoln regarding fee application of debtor's attorney | .1 hours |
| 8/5/82 | Review notice of setting hearing on allowance of compensation for debtor's attorney | .1 hours |

■ The most objectionable aspect of Denaburg's application, however, is his request for compensation for 24.9 hours spent preparing this 72-hour fee application. This constitutes over 34% of the time for which compensation is requested. Although some courts have held that hours spent preparing and presenting a fee application are entirely noncompensable, *see In re Horn & Hardart Baking Co.*, 30 B.R. at 943, this court believes the better rule is that a *reasonable* number of hours are allowable because fee applications are required to be prepared in detail by this court. *See, e.g., Rose Pass Mines, Inc. v. Howard*, 615 F.2d 1088, 1093 (5th Cir.1980) (no more than 10 to 12 hours is reasonable for preparation of 600 hour fee application). Although the preparation of a fee application may involve considerable review of records and documents, the fee application

---

**2.** The separability of the hours devoted to the collection of Citizens Bank's indebtedness and the hours related to Moore Oil and other matters is considered in the proposed stipulations submitted by both attorneys. Lincoln notes that he expended "approximately 30% in litigation and negotiations with Moore Oil Company and/or the offset of funds," and Denaburg notes that his time was devoted "approximately one-half in representation of the Bank in attempting to collect said indebtedness and approximately one-half in connection with correspondence regarding claims made in Moore Oil Company and/or the offset of funds."

may not be used as an avenue to significantly expand compensable time.

The requested compensation for time spent seeking fees is significantly inflated by Denaburg's lack of cooperation with the bankruptcy court in filing the original application, including a request for six hours of compensation for a court appearance which was necessitated by Denaburg's failure to comply in the first instance with this court's requirements. Denaburg also requests compensation for .1 hours for "telephone call to make arrangements for airplane transportation to hearing." Such ministerial tasks are not compensable as "professional compensation." The court finds that three hours is a reasonable time for preparing an application of the size, nature, and complexity of Denaburg's application and the requested compensation is reduced accordingly. No contrary proof having been submitted, the court will apply to the Denaburg application the $75 per hour rate requested by the creditor's local counsel.[3]

■ Denaburg also seeks reimbursement for expenses of $725.75. The first item of expense is "Long Distance telephone calls and travel expenses ... $147.25." Apparently these expenses were incurred between June of 1980 and April of 1983. The calls and travel involved are not itemized or described. No finding of reasonableness or necessity is possible on these facts. The request for $202 for an airplane ticket on April 24, 1984 to attend the second hearing on the fee application was necessitated by Denaburg's failure to comply with this court's original directions and is, therefore, disallowed. Furthermore, Denaburg's request for $150 for a pilot and $212 for fuel and oil to attend the December 13, 1983 hearing is unreasonable because of Denaburg's apparent ability to obtain adequate transportation to Nashville for $202. The court, therefore, reduces the request of $362 to $202 plus $14.50 for taxi fare.

Accordingly, after making deductions for the noncompensable hours delineated *supra,* Denaburg is entitled to 46.55 hours of compensation at the rate of $75 per hour for a fee award of $3,491.25 and expenses of $216.50.

## LINCOLN APPLICATION

■ Lincoln requests compensation for 80.5 hours at the rate of $75 per hour and $128.50 for out-of-pocket expenses. Lincoln's application contains somewhat more satisfactory explanations of services rendered; however, several noncompensable hours are included in the application.

As noted *supra,* all hours related to the Moore Oil matter are noncompensable:

5/29/80    Preparation and filing complaint objecting to proposed preference to Moore Oil by securing their past due debt for new credit

1.0 hour

---

3. In his affidavits, Denaburg applies without explanation various hourly rate multipliers, sometimes in excess of $100 per hour. No justification for these rates has been offered and the court will thus apply the indicated rate of $75 per hour which was customary in creditor practice *in this court during much of the period at issue in this case.*

4. It is impossible to evaluate the reasonableness of fees when counsel has lumped numerous services together under a single entry. As the court noted in *In re Nation/Ruskin, Inc.,* 22 B.R. 207, 210 (Bankr.E.D.Pa.1982):

This Court is not permitted to speculate as to how much time has been expended to perform each of the itemized services. Thus, the lumped-together portions of ... [the] application for allowances must be disallowed for failure to document the services performed with the degree of specificity required by this Court.... General statements will not justify fee awards. Lumping-together services and failure to adequately specify how much time has been expended for each individual service is not acceptable for the Court's inspection and evaluation.

The applicant bears the risk if hours which might otherwise be compensable have been grouped with services for which recovery is not allowed. The court is unable to satisfactorily segregate the applicant's hours. Therefore, Lincoln's lumping-together of several services under one date and heading may have resulted in the disallowance of certain otherwise recoverable fees.

6/16/80    (3 day period of time)—Research on limits of operation by Debtor-in-Possession in the ordinary course of business; research on bank's right of set-off and Debtor-in-Possession's claim of preference, removal of State Court proceeding under new Bankruptcy Law and Moore Oil's claim under UCC 2–702

18.0 hours[4]

8/29/80    Work on defense to Moore Oil claim for a priority lien in preference over other creditors in same class

2.0 hours

10/23/80    Preparation and filing of application to remand state case of Moore Oil from State of Alabama

1.5 hours

11/80    Preparation of application for appointment of trustee; preparation of motion to show cause why examiner failed to report to court; preparation and filing of complaint to enforce the stay for protection of creditor's interest in Moore Oil Alabama suit

3.5 hours

11/18/80    Long distance conference with Mr. Denaburg; conference with Mr. Trentham and Mr. Lewis of Debtor-in-Possession; Moore Oil and Bank settlement of all claims against each other

1.5 hours

4/8/81    (2 days)—Negotiations for settlement with Moore Oil by phone; conference with Ezra Perry; meeting with Carl Grimes, Charles Denaburg, Robert Trentham and Harry Lewis

6.0 hours

Other hours were not expended to secure the collection of Citizen Bank's note and mortgage:

6/3/80    Amended complaint objecting to agreement and preparation and filing of Motion to Adjudicate because Debtor-in-Possession acting in bad faith          1.5 hours

3/16/81    Brief on creditor's protection of the stay of § 362 in # 381–0668          3.0 hours

Lincoln requests reimbursement for expenses of $128.50. The court finds that the $60 cost of filing the complaint in Adver-

sary Proceeding No. 380–0408 is compensable. However, the filing of Adversary Proceeding No. 380–0668 was not related to the collection action and fees and expenses relative to that proceeding should not be allowed.

Lincoln is allowed three hours of compensation for preparation of the fee application.

Accordingly, the court finds that Lincoln is entitled to 45.5 hours at the rate of $75 per hour for a total of $3,412.50 and expenses reimbursement of $68.50.

An appropriate order will be entered.