**In the Matter of WESTWOOD ASPHALT, Debtor.**

**Bankruptcy No. 83-05322-BE.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Dec. 6, 1984.

ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the Court on a fee application submitted by Laventhol & Horwath, Accountants for the Unsecured Creditors' Committee (hereinafter referred to as "accountants") for work performed in this Chapter 11 proceeding. Upon consideration of the application, supporting affidavit, statements of counsel and the entire record, the Court concludes that the accountants are entitled to a fee of $5,458.00. The Court will not grant compensation for $191.00 attributed by the applicant to secretarial time.

Under 11 U.S.C. § 330 (West 1979) the Court may award an accountant appointed pursuant to 11 U.S.C. § 1103(a) reasonable compensation for actual and necessary expenses. Pursuant to this duty, the Court is required to disallow any compensation for duplicative services. *In re Tolan*, 41 B.R. 751 (Bankr.M.D.Tenn. 1984); *In re Sapolin Paints Inc.*, 38 B.R. 807, 11 Bankr.Ct. Dec. 875 (Bankr.E.D.N.Y. 1984). Since professionals' hourly compensation includes overhead services, the Court cannot award a professional both an hourly fee as well as enumerated overhead expenses. Secretarial time is an overhead expense of this type. *In re Arlan's Department Stores Inc.*, 462 F.Supp. 1255 (S.D.N.Y.1978).

The accountants in this case have requested not only an hourly fee but also $191.00 for routine secretarial services.

Since the secretarial time does not include compensation for services performed by professional or paraprofessional personnel, the Court determines that the accountants are compensated for such time by an hourly rate. Accordingly, the Court hereby DENIES the accountants' compensation for $191.00.

The Court finds that the accountants' fee application is fair and reasonable in all other respects. Therefore, the Court hereby grants the accountants' fee in the amount of $5,458.00.

IT IS, THEREFORE, SO ORDERED.