**In re CUMBERLAND BOLT & SCREW, INC., Debtor.**

**Bankruptcy No. 384–00259.**

United States Bankruptcy Court, M.D. Tennessee.

Dec. 11, 1984.

## MEMORANDUM AND ORDER

KEITH M. LUNDIN, Bankruptcy Judge.

The court has before it the application of Kraft, Cohen & Company for award of fees and reimbursement of expenses as accountants for the debtor and debtor-in-possession. A hearing was held on December 4, 1984 and a representative of the applicant testified.

The application seeks compensation and reimbursement totalling $18,419.98. After deduction for a retainer previously received in the amount of $3,600, the balance sought is $14,819.98. This is a confirmed Chapter 11 plan in which these accountants continue to be employed by the postconfirmation liquidating and disbursing agent. The application states on its face that this is "an interim, rather than a final fee request."

Though not cited in the application, this court will assume that these accountants seek interim compensation pursuant to 11 U.S.C. § 331. As such, the standards for awarding compensation are set forth in 11 U.S.C. § 330. The applicable standards for awarding fees under § 330 of the Bankruptcy Code and its predecessors are well

articulated in this district and in this circuit. *See, e.g., Cle-Ware Industries v. Sokolsky*, 493 F.2d 863 (6th Cir.1974); *In re Rhoten*, 44 B.R. 741, Case No. 382–01980 (Bankr.M.D.Tenn. Nov. 14, 1984). It is this court's view, and no argument to the contrary has been made, that the standards for review of an accountant's application for compensation under §§ 330 or 331 are essentially the same as the standards applicable to attorneys' fee requests. *See In re D.H. Overmyer Co., Inc.*, 3 B.R. 678, 689 (Bankr.S.D.N.Y.1980).

■ Bankruptcy Rule 2016 applies to accountants, attorneys and other professionals who apply for compensation and reimbursement of expenses. Typically, an accountant or attorney will comply with the requirements of Bankruptcy Rule 2016 and applicable case law by filing an affidavit containing detailed descriptions of the services performed and by whom, by date and hours expended. The entries in the time records are generally contemporaneous to the services provided and the keeping of such records benefits both the applicant, whose memory may fade, and benefits the court by providing a meaningful record of the efforts made on behalf of the debtor. As a general rule, the time records supplied to this court are of high quality and enable the court, in advance of the hearing on a fee application, to review at length and in detail the services performed and the reasonableness and necessity thereof.

■ The level of detail required in a fee application has recently been discussed by this court in *In re Tolan*, 41 B.R. 751 (Bankr.M.D.Tenn.1984). There we quoted Judge King from *In re Horn & Hardart Baking Co.*, 30 B.R. 938, 944 (Bankr.E.D. Pa.1983):

> The Court should not be required to indulge in guesswork, nor undertake extensive labor to justify a fee for an attorney who has not done so himself. We do not find it to be an unbearable burden to require an attorney seeking compensation to enlighten the Court as to the nature of his toil and the relation it bears to the matter at hand. Absent such a

statement, compensation may not be allowed.

*See also In re Nation/Ruskin, Inc.*, 22 B.R. 207 (Bankr.E.D.Pa.1982) (exhibits showing acceptable and unacceptable descriptions in fee applications). We also agree with Judge Bare that a request for reimbursement of expenses must be detailed to allow the court to determine the necessity and reasonableness of each expense. *In re David A. Crabtree*, 45 B.R. 463 (Bankr.E.D.Tenn.1984).

■ It is our recent experience that accounting firms seeking fees and reimbursement of expenses do not routinely provide the same level of detail typically found in attorneys' applications. The application at hand is illustrative of this problem. The description of activity on behalf of this debtor supplied by the applicant consists of cryptic phrases such as "discussion with debtor;" "court hearing;" "inventory;" "review work;" "recap time;" and "field work." Each entry is accompanied by the date on which the work was done and a statement of the number of hours spent performing the work. However, such entries are absolutely meaningless to this reader and provide no basis upon which a studied decision can be made whether the time expended was necessary, reasonable, etc. These useless descriptions would not be acceptable in an application from an attorney and are not sufficient in an application from an accountant. It is certainly of no greater difficulty for an accountant to make a short, meaningful, contemporaneous record of the services performed for a debtor in a bankruptcy case. *See Matter of Liberal Market, Inc.*, 24 B.R. 653, 666, 9 BANKR.CT.DEC. (CRR) 1216 (Bankr.S.D. Ohio 1982) (accountant's fee reduced 20% because of overly general, inadequately itemized fee application); *Matter of Rego Crescent Corp.*, 37 B.R. 1000, 1019 (Bankr. E.D.N.Y.) (accountant's fee denied in part for lack of detailed time records).

A separate unusual feature of this particular application concerns the request for reimbursement of secretarial time spent in

ordinary tasks such as "typing and xeroxing." It was the testimony of Mr. Kenneth R. Kraft that in his accounting practice he bills his clients separately for secretarial time and xeroxing. Mr. Kraft did not explain whether the hourly rates charged for accountants in his firm include some overhead factor for such things as rent, desks, chairs, pencils, etc. Presumably they do because there are no separate entries for such items in the request for reimbursement. The application in this case includes specific expense entries for "word processor," but contains no entries for the use of other equipment such as telephones or the office coffee pot. From this application and the testimony at the hearing, it is difficult to understand what is an overhead item for this accounting firm and what is considered a separately billable item of client expense. It also appears at one point in the request for reimbursement that xerox copying is charged to the client at $.11 per page, but elsewhere xerox copying is lumped together with "out-of-pocket costs" and a fixed dollar charge assigned.

This court is acutely cognizant of the problems of securing high quality, professional services to bankruptcy estates. It is obviously more difficult, more time consuming and an aggrevation for a professional to record detailed, contemporaneous records of activity in bankruptcy cases if that professional is not in the habit of doing the same for regular, nonbankruptcy clients. It is clear that the Bankruptcy Reform Act of 1978 was crafted in the area of compensation to professionals in a manner intended to encourage the finest professionals in all fields to make their services available to bankruptcy estates at their prevailing rates. To this end, this court does not hesitate to award substantial, competitive hourly rates to professionals and to reimburse them fully for expenses to the extent permitted by the Code. It is our intention to continue to fully reward competent professionals to encourage the highest quality of practice by all concerned.

However, the standards for applications for compensation and reimbursement of expenses must be maintained to ensure fair treatment for debtors, creditors and the professionals providing services. The application at hand fails to meet the basic standards. As indicated above, the descriptions of the work done by the professionals involved are not sufficient in detail to allow the court to make the judgments required by the Bankruptcy Code. The request for reimbursement of expenses includes secretarial time which is an overhead item which cannot be reimbursed from a bankruptcy estate. *See In re Westwood Asphalt Paving, Inc.*, 45 B.R. 111 (Bankr.E.D.Mich.1984) (Paine, B.J. by designation). Similarly, the use of word processing equipment is not distinguishable from any other overhead item and is not reimburseable. *See In re Southern Industrial Banking Corp.*, 41 B.R. 606 (Bankr.E.D.Tenn.1984) (accountant's request for computer time, photocopying, secretarial and administrative charges); *In re Arlan's Department Stores*, 462 F.Supp. 1255 (S.D.N.Y.1978) (an attorney should not be awarded both an hourly fee and an overhead expense such as secretarial time).

Based on the foregoing, it is the judgment of this court that the applicant be permitted to submit a supplemental application complying with the requirements for compensation and reimbursement of expenses. The supplemental application should delete secretarial time and equipment usage. In the interim, and subject to final review upon submission of the supplemental application, the court awards Kraft, Cohen & Company, C.P.A.s interim compensation in the amount of $10,000.

IT IS SO ORDERED.