**In re WOLVERINE KNITTING MILLS, INC., Debtor.**

**Bankruptcy No. 88–09945.**

United States Bankruptcy Court, E.D. Michigan, N.D.

Nov. 27, 1989.

Susan M. Cook, Bay City, Mich., for debtor.

T.N. Ziedas, Detroit, Mich., Asst. U.S. Trustee.

## MEMORANDUM OPINION ON APPLICATION FOR ACCOUNTANT'S FEE

ARTHUR J. SPECTOR, Bankruptcy Judge.

The United States trustee objected to allowance of the fees and reimbursement of the expenses of Weinlander, Fitzhugh, Bertuleit & Schairer, P.C. for a number of reasons. All of the objections were decided at the hearing on November 16, 1989, but for the argument that the applicant's clerical time should not be separately compensated. I now overrule that objection.

Weinlander, Fitzhugh, Bertuleit & Schairer, P.C. was retained by the debtor in possession to act as its accountant in accordance with the procedures outlined in 11 U.S.C. § 327 and Bankruptcy Rule 2014. Even though it is not binding on the Court in the context of a fee hearing, it bears noting that the order appointing the firm said that the firm was "allowed fees at an hourly rate as indicated on attached Exhibit 'A' ...". That exhibit disclosed typists/clerical fees billed at the rate of $25.00 per hour. The United States trustee approved the entry of that order.

At the hearing, the United States trustee properly argued that most cases in this district and elsewhere have treated secretarial services as overhead of the professional firm and therefore have refused to allow it for compensation. However, I have previously held that "the standard for allowing compensation [is] 'the cost of comparable services other than in a case under this title'". *In re The Vogue*, 92 B.R. 717, 721 (Bankr.E.D.Mich.1988) (quoting from 11 U.S.C. § 330(a)(1)). "The marketplace sets the compensation for [accountants] outside of bankruptcy court. Our job is merely to compare that marketplace to the fee application pending before us." *Id.* The inquiry is "really factual in nature." *Id.* at 720.

Four months later, the Supreme Court validated this approach in *Missouri v. Jenkins*, 491 U.S. ——, ——, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229, 241 (1989). When determining a "reasonable" fee, the Court stated that it has "consistently looked to the marketplace as [its] guide to what is 'reasonable'". In that case, the Court allowed the fee applicant compensation for the time spent by its law clerks and paralegals at the same rate it billed this time to others because it found that "[s]uch separate billing appears to be the practice in most communities today ..." and that "the requested hourly rates ... were the prevailing rates for such services ..." in the appropriate geographic area. 109 S.Ct. at 2472.

In this case, the applicant showed that it billed out its clerical time to all clients and has done so for many years. It also showed that about half of the accounting firms in the Bay City area also bill out their clerical time separately. The showing required by *The Vogue* and *Missouri v. Jenkins* has been made. Therefore, the applicant is entitled to separate compensation for the clerical services.

The amount requested, $25.00 per hour, has not been challenged, and otherwise appears reasonable. Therefore, I will allow that part of the fee application.

**548**

A separate order allowing Weinlander, Fitzhugh, Bertuleit and Schairer, P.C.'s compensation and reimbursement of expenses will be entered, which shall pull together the rulings on the various objections made in open court and the holding herein.