**In re J.F. WAGNER'S SONS COMPANY, Debtor.**

**Bankruptcy No. 3–90–02962(3)(7).**

United States Bankruptcy Court, W.D. Kentucky.

Oct. 1, 1991.

Sandra Freeburger, Deitz, Fridy and Freeburger, Sebree, Ky., for debtor.

John R. Wilson, Ruck, Wilson & Cooper, Louisville, Ky., trustee.

Joseph J. Golden, Louisville, Ky., Asst. U.S. trustee.

## MEMORANDUM–OPINION

DAVID T. STOSBERG, Bankruptcy Judge.

This matter comes before the Court on Application by the Trustee for the allowance of interim compensation and disbursements for services rendered by the law firm of Ruck, Wilson & Cooper relative to the collection of accounts and legal matters. The verified application requests compensation for legal services in the sum of $5,968.50 for 51.9 hours of work and expenses in the sum of $128.00.

An analysis of a compensation for a professional begins with 11 U.S.C. § 330(a) which provides:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

Regardless whether objections are raised to the application seeking compensation from the bankruptcy estate, the Court has a duty to independently examine the reasonableness of the requested fees.

The general principles governing the reasonableness of fees are set forth in *In re Belknap, Inc.*, 103 B.R. 842 (Bankr. W.D.Ky.1989). The Court considered the twelve factor approach adopted by the Court in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974) as the formula for determining the allowability of fees. The *Johnson* factors are as follows:

1). The time and labor required;

2). The novelty and difficulty of the questions involved;

3). The skill requisite to perform the legal services properly;

4). The preclusion of other employment by the attorney due to acceptance of the case;

5). The customary fee;

6). Whether the fee is fixed or contingent;

7). Time limitations imposed by the client or the circumstances;

8). The amount involved and the results obtained;

9). The experience, reputation and ability of the attorney;

10). The undesirability of the case;

11). The nature and length of the professional relationship with the client; and

12). Awards in similar cases.

*Id.* at 717–719.

Bankruptcy Rule 2016 provides as follows:

(a) **Application for Compensation or Reimbursement.**

A person seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended, and expenses incurred, and the amounts requested.

■ Professionals who request compensation or reimbursement from the debtor's estate have the responsibility and burden of providing an adequate description of the services rendered and expenses incurred, in order for the Court to make a determination as to the reasonableness of the fees requested. *In re Concept Clubs, Inc.,* 125 B.R. 634 (Bankr.D.Utah 1991). To fully satisfy the requirements set forth in the Bankruptcy Rules a proper fee application must list 1). each activity separately; 2). the day on which it was performed; 3). the person who performed the work; 4). description of the work performed or subject matter of the work; and 5). time spent on the work. *In re Sounds Distributing Corp.,* 122 B.R. 952 (Bankr.W.D.Pa.1991). The Court should not be required to indulge in guess work, nor undertake extensive labor to justify a fee for an attorney who has not done so independently. If an attorney fails to provide a statement as to the nature of his or her toil and the relation it bears to the matter at hand, compensation may not be allowed. *In re Tolan,* 41 B.R. 751 (Bankr.M.D.Tenn.1984). The purpose of a fee application is to provide the Court with sufficient information to enable it to determine whether the services rendered were reasonable, actual and necessary. *In re Pothoven,* 84 B.R. 579 (Bankr. S.D.Iowa 1988), *In re Chicago Lutheran Hosp. Ass'n.,* 89 B.R. 719 (Bankr.N.D.Ill. 1988).

■ In reviewing applications for attorney fees, the Court must consider three broad areas:

1). Are services for which compensation is sought properly compensable as legal services?

2). If compensable, were the services necessary and is the performance of the necessary tasks adequately documented?

3). What value should the Court place on the services? *In re Navis Realty, Inc.,* 126 B.R. 137 (Bankr.E.D.N.Y.1991). The Court must also remember that the legislative history of the Bankruptcy Court encourages the awarding of reasonable and customary fees.

The Court in *In re Navis Realty, Inc., Id.* at 140–141 also established twelve minimum requirements for a proper professional fee application. Even though this Court considers some of those requirements rather restrictive, they provide excellent guidelines to serve as a foundation for a proper fee application.

■ To enable this Court to determine whether the fees in the case at bar are reasonable, actual and necessary pursuant to 11 U.S.C. § 330, the applicant should submit a professional fee application that must, at a minimum, adhere to the following guidelines:

1). Recite the date of entry of the Order of the bankruptcy court approving the employment of the individual or firm for whom payment of fees and/or expenses is

sought and the date of the last fee application for that professional;

2). Recite the amount of fees and expenses previously requested and approved by the Court. If payment has been received, the date, the amount, and source of funds and the disclosure of any prepetition advance against fees which was not earned prior to the filing of the petition;

3). Recite brief biographies of all persons employed as professionals;

4). Professionals and paraprofessionals should be utilized in such a way to minimize the cost to the estate and a partner should not perform services which could be competently performed by associates or paraprofessionals. Paralegals should not be used to perform tasks which are clerical in nature;

5). Out of state professionals shall include proof of the customary fees in their local professional community, including customary fees charged by paraprofessionals;

6). Attach a statement of the amount presently sought and a schedule of appropriate billing rates for each individual whose services are the subject of the application;

7). Computation of the compensation of each individual by multiplying the time spent by the appropriate billing rate;

8). If a "lodestar" adjustment is sought, the applicant shall provide the Court with a separate analysis of the facts upon which such adjustment is claimed, together with the amount of the proposed adjustment. A summary and background in narrative form describing generally the debtor's problems addressed by the applicant, and the manner in which they were approached;

9). A summary itemizing all expenses by category, and as to unusual or costly expense items, the application must state:

  (a). The date the expense was incurred;

  (b). Description of the expense;

  (c). Amount of the expense; and

10). Detailed entries for the time work is performed setting forth:

  (a). The date the service was rendered;

  (b). The identity of the person(s) performing the service;

  (c). A description of the service, including the subject matter of all conferences and telephone calls, the parties involved and the identity of documents drafted, reviewed, filed or served. Nature, purpose and necessity of all legal research should be noted;

  (d). Detail explanation and justification of any items which appear to be unusual;

  (e). Amount of time spent performing the service.;

11). Overhead expenses shall not be included in the fee applications. Ordinarily secretarial work, overtime work and word processing costs are not compensable. Reimbursement of reasonable WestLaw and Lexis costs are acceptable.

■ The foregoing requirements should be viewed as a flexible framework for the construction of a fee application. The Court intends the requirements to be instructive rather than exhaustive.

■ Applying the above requirements, albeit prospectively to the fee application submitted by the law firm Ruck, Wilson & Cooper, the Court finds the application woefully deficient in so many areas that the Court cannot make a knowledgeable decision as to the reasonableness of many of its billings.

■ There has been no evidence provided that would enable the Court to determine the appropriate hourly billing for the professionals for whom the compensation is sought. Each fee application should contain brief bibliographies of all persons employed as professionals. *In re Belknap, supra,* at 845. The application also states that the normal hourly billing rate of the firm is $115.00 which applies to both attorneys who are seeking compensation. A recitation of a fee applicant's customary billing rate does not establish the criteria of the cost of services as required by the statute governing compensation of officers. *In re Navis Realty, Inc., supra.*

■ Services which have been lumped together into a single entry without a de-

tailed narrative will not ordinarily be compensated. Many of the entries such as those for 11/27/90, 11/29/90, 1/4/91 and 1/18/91 combine several activities which provide insufficient details to enable the Court to determine whether the time spent on each activity was reasonable.

The itemized daily entries must contain the activity, date, name of attorney, description of the work performed and the time spent. Several of the entries such as those on 11/6/90, 11/29/90, and 1/4/91 detail activities in which both attorneys have spent time. The Court is unable to determine the necessity of the activity or which attorney performed the activity.

Attorneys may be compensated at a full hourly rate for telephone calls or conferences only if the time sheet entries describe the purpose and length thereof and the parties involved. The fee application cites many telephone calls and conferences such as the entries on 11/1/90, 1/24/91 and 2/5/91 which list telephone calls or conferences for which there is no stated purpose. A billing entry dated 3/11/91 indicates research and review but does not give any indication as to the subject researched, or its purpose.

The fee application submitted by the firm of Ruck, Wilson & Cooper does not reveal sufficient data to enable the Court to determine whether the services rendered were reasonable, actual or necessary. Therefore, the application for compensation and reimbursement of expenses is denied and the firm must resubmit an application consistent with the above discussed guidelines.

This Memorandum–Opinion constitutes Finding of Facts and Conclusions of Law and an Order consistent herewith will be entered this date.