**In re GREEN RIVER COAL COMPANY, INC., Debtor.**

**Bankruptcy No. 93–40568(3)11.**

United States Bankruptcy Court, W.D. Kentucky.

Jan. 25, 1994.

John R. Leathers, Buchanan Ingersoll, P.C., Lexington, KY, Kenneth E. Aaron, Stuart M. Brown, Nathaniel Metz, Thomas L. Van Kirk, Buchanan Ingersoll, P.C., Philadelphia, PA, Bruce McCullough, Bruce A. Americas, Buchanan Ingersoll, P.C., Pittsburgh, PA, for debtor.

Bobbie T. Shell, Baker & Botts, L.L.P., Dallas, TX, Dulce M. Utset, Houston, TX, Kyle A. Cooper, Greene & Cooper, John P. Reisz, Wyatt, Tarrant & Combs, Louisville, KY, for Bank Group.

Phillip G. Abshier, Ron Bamberger, Bamberger & Abshier, Owensboro, KY, for Unsecured Creditors' Committee.

Joseph J. Golden, Scott J. Goldberg, Louisville, KY, Asst. U.S. Trustee.

## MEMORANDUM

DAVID T. STOSBERG, Bankruptcy Judge.

The matter is before the Court on the First Application (the "First Application") of Counsel for Debtor for Allowance of Interim Compensation and Reimbursement of Expenses for the Period July 8, 1993 through October 31, 1993. The Applicant requests compensation in the sum of $286,622.00 and reimbursement of expenses in the amount of $66,184.43. On January 11, 1994, the Court held a hearing on the Objections to the First Application filed by the Bank Group, the U.S. Trustee and the Unsecured Creditors' Committee. The Court ordered the parties to file a Recommendation with regard to the source of the funds of the Debtor which are to be used to pay the fees of counsel for the Debtor and counsel for the Unsecured Creditor's Committee.

■ The Court has considered the objection of the Committee with regard to the hourly rates set forth in the First Application and whether such rates would be subject to the case of *In re Optical Corporation of America, Inc.,* 157 B.R. 823 (Bankr.W.D.Ky. 1993). The Court notes that the *Optical Corp.* case only capped the hourly rates of professionals located within the Western District of Kentucky. Rates of professionals who regularly practice outside the Western District of Kentucky will be determined on a case-by-case basis. In this case, the Court finds the hourly rates requested (with the discounts) reasonable, especially considering its size and complexity.

■ The Court has carefully reviewed the First Application in accordance with the standards set forth in *In re J.F. Wagner's Sons Co.,* 135 B.R. 264 (Bankr.W.D.Ky.1991). The First Application complies with the procedural requirements for fee applications submitted in the Bankruptcy Court for the Western District of Kentucky. *Id.* Some time entries requested, however, must be disallowed as having conferred no benefit on the bankruptcy estate:

| | | | | | |
|---|---|---|---|---|---|
| 1). | 9/23/93 | J. Dorgan | 3.0 | $570 | Research re: payment of fees on monthly basis, postpetition. |
| 2). | 9/28/93 | J. Dorgan | 4.0 | $760 | Research re: payment of various administrative expenses during pendency of case (3.5); Memo K.E. Aaron re: cases found (.5). |

■ Also, the Court disallows entries for services performed by N. Metz regarding the preparation of a federal complaint for a total of 31 hours in the sum $5,735.00. SEE pages 134–135 of First Application. The Court can not glean enough information from these entries to determine the benefit to the estate. Upon submission of additional information as to the necessity of the work performed on the "federal complaint", the Court may reconsider its disallowance of these entries.

■ Finally, the Court is concerned with a portion of the services performed by F. Pandola and A. Rocco. Some of the services described are secretarial or administrative in nature and thus not compensable. For example, "organizing file", "file indexing", and "document indexing" are services which are normally performed by a secretary. We, however, draw a distinction between strictly secretarial functions and like services performed by paraprofessionals who assist with discovery (such as "bates numbering" documents or organizing files for hearings). Rather than dwell on minutiae, the Court shall reduce the total fees billed by F. Pandola in the sum of $6,645.00 by 20% and the total fees billed by A. Rocco in the sum of $11,565.00 by 10% in the First Application and trust counsel will carefully consider this area in future applications. In that vein, we

hereby disallow $1,329.00 of the time entries of F. Pandola and $1,156.50 of the time entries of A. Rocco.

■ The Court now turns to the requested expenses. Although the air travel expenses appear high, the Court is aware of the exorbitant fares charged for weekly business travel and assumes the applicant is utilizing coach fares. We thus allow the expenses *in toto*, especially in light of the applicant's agreement with the Debtor not to charge Green River for any "travel time".

An Order consistent with the findings and conclusions of this Memorandum has been entered this same date.

### ORDER

Pursuant to the Memorandum attached hereto and incorporated herein by reference and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Buchanan, Ingersoll Professional Corporation, counsel for the Debtor, shall be allowed compensation for interim fees pursuant to their First Application in the sum of **$277,071.50** and expenses in the sum of **$66,184.43,** as costs of administration.