## In re F.M. STATION, INC., Debtor.

### Bankruptcy No. 92–10827.

United States Bankruptcy Court,
D. Rhode Island.

July 15, 1994.

Jack D. Pitts, Greenville, RI, for debtor.

Deena F. Christelis, Cuzzone, Geremia & Civittolo, Providence, RI, for Chapter 7 trustee.

Nicholas Barrett, Rumford, RI, for Northeast Sav.

## ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on June 22, 1994, on the amended fee application of Jack Pitts, Esq., the Attorney for the Debtor. Mr. Pitts was originally seeking compensation in the amount of $3,917 for services rendered while the case was in Chapter 11. At the hearing, however, when it became apparent that the first request lacked sufficient detail, Mr. Pitts was allowed to submit an amended application. In his amended application, Mr. Pitts is asking the Court to approve a fee of $6,188 and $49.65 in expenses.[1] The Chapter 7 Trustee objects to the allowance of *any* fee, arguing that the services in question produced no benefit to creditors, and that the efforts of Mr. Pitts were actually counterproductive to and against the interests of the Estate.

Based upon our review of the record in the instant case, we are unable to discern any benefit whatsoever to this Estate from the services in question. To the contrary, while operating in Chapter 11, the Debtor incurred over $25,000 in postpetition unsecured debt, as well as approximately $10,000 in state and federal tax liabilities. Since the conversion to Chapter 7, the Trustee has liquidated Es-

---

1. Mr. Pitts states that his amended request is higher because he made a more thorough search of his records and found additional time not included in his original application.

tate assets totaling $40,000.[2] Mr. Pitts makes the (incomprehensible) argument that his efforts produced this sum of money, because the principals spent over $40,000 of their own money during the Chapter 11 to improve and upgrade the restaurant. We clearly disagree, and rule, on the issue of benefit, that under Mr. Pitts' stewardship the continued operation of the business actually resulted in a substantial net *loss* to general creditors.

■ Most of Pitts' time entries describe services resolving tax issues that personally benefited the principals of the Debtor corporation. Even worse, however, Mr. Pitts made an unannounced and unauthorized postpetition tax payment of $10,000, which clearly resulted in a $10,000 benefit to the principals who were personally liable for said taxes. While Mr. Pitts now contends that he does not represent the principals of F.M. Station, Inc., the record belies this argument.[3] We note that this is not the first time Pitts has run afoul of Local Bankruptcy Rule 25(A)(2), i.e. placing himself in an unrebutted conflict of interest situation, vis-a-vis the debtor corporation and its principals. *See In re Alcon Corp.,* 168 B.R. 822 (Bankr.D.R.I. 1994).

■ Accordingly, based upon the combined facts that: (1) Pitts is not disinterested within the meaning of 11 U.S.C. § 327(a); and (2) his services were of no benefit to the Estate; the application, as filed, is DENIED in full. *See In re Swansea Consol. Resources, Inc.,* 155 B.R. 28 (Bankr.D.R.I.1993); and Local Bankr.R. 25(A)(2). Instead, however, Pitts is awarded a counsel fee in the amount of $1,500, and expenses of $49.65 for the services associated with filing the petition and bringing the case before the Court for liquidation purposes. This is a legal expense that would have been incurred by the Estate in any event.

2. The Debtor also owns a liquor license, subject to various liens, that may produce additional funds for the Estate.

3. In his original fee application, Pitts references the principals of F.M. Station as his clients. One entry reads "6/18/92 Tel. consult. w/client (DeLeone)." His amended application deletes all

references to "client" and instead refers only to the individual's name. For example, the same entry in the amended application says "6/18/92 Telephone consult. w/George DeLeone about landlord's demands and threats of Rhode Island Div. of Taxation re: license."