### In re WOODWARD EAST PROJECT, INC., Debtor.

#### Bankruptcy No. 85–04269–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

May 9, 1996.

**374**

Douglas Spicer, Ypsilanti, Michigan, for Debtor.

Charles Taunt, Charles J. Taunt & Associates, Birmingham, Michigan, for Trustee.

David Allard, Trustee, Allard & Fish, P.C., Detroit, Michigan.

## MEMORANDUM OPINION AND ORDER

STEVEN W. RHODES, Chief Judge.

This matter is before the Court on remand from the District Court for the purpose of clarifying the reasons for denying *in toto* the application for fees and expenses of the debtor's attorney.[1] The fee application requests $78,840 in fees for 788.4 hours at $100 per hour plus expenses of $1,260.11.[2] Although the application does not explicitly so state, it is reasonably clear that the applicant seeks to have these fees awarded pursuant to 11 U.S.C. § 330(a)[3] and paid by the estate pursuant to 11 U.S.C. § 503(b)(1)(A).

The Court denied the fee application to the extent it exceeded the amount of $1,174 already paid by the debtor's principal and to the extent it sought payment by the estate, for three reasons.[4] First, the legal services of the debtor's counsel did not benefit the estate, with the possible exception of some matters that should reasonably have taken a relatively insignificant amount of time. Second, the applicant did not meet his burden of establishing a reasonable fee by proper documentation of the time spent. Third, the applicant's admitted representation of both the debtor and creditors in this case created an improper conflict of interest that fully justifies denying any fees from the estate.

I.

A.

11 U.S.C. § 503(b)(1)(A) provides for payment as an administrative expense any attorney fees that are "necessary" expenses of preserving the estate. Regardless of the chapter in Title 11 under which the petition is administered, *In re Amberg*, 148 B.R. 376 (Bankr.D.Conn.1992), counsel for the debtor can be awarded fees to be paid from the estate only to the extent that the attorney's services benefitted the estate by assisting the debtor in performing the debtor's obligations under the Bankruptcy Code. *In re Reed*, 890 F.2d 104 (8th Cir.1989); *In re Alcala*, 918 F.2d 99 (9th Cir.1990).[5] Accordingly, fees are not awarded for services performed for the benefit of the debtor's principals. *In re By–Rite Oil Co.*, 87 B.R. 905 (Bankr.E.D.Mich.1988). This basic and long-standing principle was announced by the Supreme Court in *Randolph v. Scruggs*, 190 U.S. 533, 539, 23 S.Ct. 710, 712–13, 47 L.Ed. 1165 (1903). As noted in 2 *Collier on Bankruptcy* ¶ 330.04[3], at 330–40 (Lawrence P. King ed., 15th ed. 1996):

> The weight of authority under the Act was in favor of limiting compensability to services rendered in assisting debtors in performing their legal duties rather than exercising their legal privileges. Thus, one court stated:
>
>> The allowance to the bankrupt's attorney ordinarily covers only work done in promoting the administration of the estate and in assisting the bankrupt to

---

1. The Court concludes in its discretion that the issue remanded for clarification can be fully and properly addressed based on the extensive record in this case without any further hearings.

2. In this regard, the Court should note that the trustee's final account shows $249.85 on hand for distribution.

3. Because this fee application was filed before the 1994 amendments to 11 U.S.C. § 330(a), those amendments do not apply. The effective date of the amendments was October 22, 1994. Act of Oct. 22, 1994, Pub.L. No. 103–394, Title VII, § 702, 108 Stat. 4150 (1994).

4. The trustee objected to the fee application primarily on the grounds that it was filed after a deadline he had set in a notice sent to all potential administrative creditors. In the Court's initial decision, the Court did not rely on this ground in denying the application. Although such a deadline can be important in the proper and efficient administration of a chapter 7 case, the trustee should have requested an order from the Court setting a deadline, rather than simply setting the deadline himself.

5. Many of the cases holding to this effect are collected in 2 *Collier on Bankruptcy* ¶ 330.04[3], at 330–37 n. 16 (Lawrence P. King ed., 15th ed. 1996).

perform his duties, such as drafting and filing the petition, drafting and filing the schedules, attendance at the first meeting, and other services in furtherance of the winding up of the proceedings.

The Code makes no change in this regard. Services of a debtor's attorney which were compensable under the Act, should be entitled to compensation under section 330.

In the context of a chapter 7 case, these principles were summarized in *In re Dawson,* 180 B.R. 478, 479 (Bankr.E.D.Tex.1994):

A debtor's attorney may only be paid from the estate if the services and expenses were actual and necessary to the preservation of the estate. 11 U.S.C. § 330(a). Unlike other chapters of the Bankruptcy Code, the role of a debtor's attorney in terms of providing services that benefit the estate is very limited because of the appointment of a trustee to administer the estate. Only the services that assist a debtor in performing the debtor's legal duties as opposed to exercising his legal privileges are compensable from the estate. *In re Office Products of Am., Inc.,* 136 B.R. 964, 974 (Bankr. W.D.Tex.1992). Essentially, the services of a Chapter 7 debtor's attorney that benefit the estate are limited to "analyzing the debtor's financial condition, rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy, the actual preparation and filing of the petition and the required schedules and statements, and representing the debtor at the § 341 meeting of creditors." *In re Saunders,* 124 B.R. 234, 238–39 (Bankr. W.D.Tex.1991); *Stewart v. Law Offices of Dennis Olson,* 93 B.R. 91, 95 (N.D.Tex. 1988), *aff'd,* 878 F.2d 1432 (5th Cir.1989). Any services rendered by a debtor's attorney in a Chapter 7 case that were above and beyond those associated with the legal duties of the debtor "are not 'necessary' to the administration of the estate within the meaning of the statute and should therefore not be compensable." *Office Products of Am., Inc.,* 136 B.R. at 974.

The specific duties of the debtor in a chapter 7 case, in aid of which the services performed by the debtor's counsel can be compensated, were summarized in *In re Taylor,* 66 B.R. 390, 395 (Bankr.W.D.Pa.1986):

Bankruptcy Code section 521 and Bankruptcy Rule 4002 outline the duties of the debtor. Those duties include:

1) Filing of the debtor's Schedules of assets and liabilities, list of creditors, and statement of financial affairs;

2) Filing a statement of intention to claim exemptions or reaffirm debts;

3) Cooperate with the Trustee, by delivering all property of the estate and all of the debtor's records to the Trustee, to enable him to administer the estate;

4) Attend and submit to an examination (First Meeting of Creditors);

5) Attend any hearings on objections to discharge or dischargeability; and

6) Attend the discharge hearing.

*See also, In re Olen,* 15 B.R. 750 (Bankr. E.D.Mich.1981).

Moreover, numerous decisions have refused to award fees to debtor's counsel in chapter 7 cases where the services actually opposed, impeded and hindered the trustee's administration of the estate. *See, e.g., In re Sounds Dist. Corp.,* 122 B.R. 952 (Bankr. W.D.Pa.1992); *In re Alcala,* cited above; *In re Sandra Cotton, Inc.,* 91 B.R. 657 (W.D.N.Y.1988); *In re J.V. Knitting Serv., Inc.,* 22 B.R. 543 (Bankr.S.D.Fla.1982).

■■■ Finally, the award of fees is addressed to the discretion of the Court, and the Court must use the lodestar analysis to determine a reasonable fee. *In re Boddy,* 950 F.2d 334, 336–37 (6th Cir.1991). The burden of proof is upon the applicant to justify the requested fees. *In re Hamilton Hardware Co., Inc.,* 11 B.R. 326 (Bankr. E.D.Mich.1981); *In re Vogue,* 92 B.R. 717 (Bankr.E.D.Mich.1988); *In re By–Rite Oil Co.,* cited above. The Court "will not indulge in extensive labor and guesswork to justify a fee for an attorney who has not done so himself." *In re Taylor,* 66 B.R. at 393.

### B.

Paragraph D of the fee application under consideration alleges the following benefit from the services of the debtor's attorney:

Benefits conferred on bankruptcy estate: Prevented takeover of 445 E. Fisher Freeway by trustee who allowed furnace to crack on his watch, entered into agreement with MichCon beyond the scope of the court's jurisdiction to approve allowing MichCon to defy local health and safety regulations in shutting off the gas, sought to have MichCon pay the tenants to move out of 445 E. Fisher Freeway, and in general, did not manage the estate with theb [sic] best interests of the creditors or the tenants in mind, but rather, tried to loot it for the sole benefit of the Taunt firm.

A review of the time sheets and the record of this case fully supports that summary. On that basis, this Court held initially that "vast majority of work that was performed in this case was not for the benefit of the estate...." (Tr. p. 10, Hearing on Motion for Attorney Fees, August 2, 1993). That finding was affirmed on appeal to the district court.

■ Under the cases cited above, the issue is what services were performed by debtor's counsel in aid of the debtor's duties under the Bankruptcy Code. These cases suggest that in a chapter 7 case such services normally consists of: (a) preparing the schedules, statement of financial affairs and list of creditors; (b) attending the first meeting of creditors; and (c) cooperating with the trustee in administering the case.

■ This case was commenced by an involuntary petition which the debtor contested. Services performed in contesting the petition. were clearly for the sole benefit of the debtor and its principals and did not aid in the administration of the estate. *See Randolph v. Scruggs,* 190 U.S. at 539, 23 S.Ct. at 712–13. After the order for relief was entered on February 20, 1986, the schedules and statement of affairs were filed on April 18, 1986, and a meeting of creditors was held on May 15, 1986. The Court must conclude that debtor's counsel would normally be entitled to compensation for those services in a chapter 7 case, to the extent properly documented. However, the record and fee application itself clearly establish that all of the other extensive services performed by the debtor's counsel were for the benefit of others and indeed opposed, impeded and hindered the trustee's administration of the estate.

■ As noted above, the burden is not upon the court to justify a fee for debtor's counsel. However, this Court has thoroughly examined counsel's time sheets and has found the following entries reflecting the work on the schedules: April 17, 1986—3 hours and 11 minutes; April 18, 1986—10 hours and 54 minutes. The time sheets also reflect that on May 15, 1986, debtor's counsel spent 2 hours and 20 minutes attending the meeting of creditors. This is a total of 16 hours and 25 minutes.

■ This does not necessarily mean that counsel is entitled to be compensated for 16 hours and 25 minutes of service. Under 11 U.S.C. § 330(a), the court can award only reasonable compensation for services that are both actual and necessary. *In re Arnold,* 162 B.R. 775 (Bankr.E.D.Mich.1993).

■ The Court has reviewed the schedules and statement of affairs and must conclude that if counsel spent 14 hours and 5 minutes on them as alleged, that would be an unreasonable amount of time. These filings disclose only eleven creditors with claims of $359,185.38; no real property; $800 in cash assets; and two unliquidated claims against others that the debtor valued at $2.4 million.[6] Very little accurate substantive information about the debtor's financial affairs is disclosed. It appears to the Court that a generous estimate would be that up to 7 hours were reasonably spent on those schedules. When that time is added to the time spent at the first meeting, the total amount of time that was reasonably spent for services for which counsel is entitled to compensation is 9 hours and 20 minutes.

■ Moreover, nothing in the fee application justifies an hourly rate for debtor's counsel of $100. Exhibit D attached to the application states that counsel had been a member of the bar for about six years when

---

6. The trustee must have concluded otherwise, as he never pursued these claims.

these services were performed. However, the application provides no other information about the applicant's experience or the fees that he charged to other clients at that time. In addition, there is a substantial question about the reasonableness of the hourly rate in light of the quality of legal services rendered, which the Court can only characterize as substantially below that normally and customarily provided by debtor's counsel in similar cases.

In these circumstances, the Court concludes in its discretion that the amount already received by debtor's counsel, $1,174, is a reasonable amount for his fees and expenses under 11 U.S.C. § 330(a) for his services that benefited the estate, and thus he is entitled to no fees from the estate under 11 U.S.C. § 503(b)(1)(A).

## II.

As noted above, the Court denied the application for the additional reason that it provides no substantial basis upon which to determine a reasonable fee. In its bench opinion of August 2, 1993, the court examined a random page (page 19) of the fee application and noted that although the activities are described by the minute, the substance of the legal activities performed are not. For example, telephone calls are identified but the subject matter is not disclosed.[7] The problem exists throughout the fee application.

This manner of description violates Local Bankruptcy Rule 3.03(a)(12)(C), which requires the time statement to "describe with particularity the services rendered." Many cases hold that compensation cannot be awarded when the substance of the legal services provided is not disclosed. *In re Taylor*, cited above; *In re Citrone Dev. Corp.*, 106 B.R. 359, 362 (Bankr.S.D.N.Y. 1989); *In re Affinito & Son Inc.*, 63 B.R. 495, 498 (Bankr.W.D.Pa.1986); *In re Hamilton Hardware Co., Inc.*, cited above; *In re Olen*, cited above.

---

7. For example, there are many entries which simply say, "Woodbury called" or "Called Woodbury."

8. The applicant has made no attempt to justify a fee for the time he spent on clerical tasks under

In this regard, it must also be noted that there are many entries describing clerical services. The entries on these three days provide good examples:

December 26, 1985—Filed Bankruptcy motions

Mail copies

December 30, 1985—Travel to Lansing to obtain copies of papers from the Department of Commerce

December 31, 1985—Filing in Bankruptcy Court

Typing jury demand

In the Court's experience, it is the normal practice of attorneys in this district that the expenses of such clerical services are part of an attorney's office overhead, and are not billed separately to clients. Accordingly, they are not separately compensable as part of the "reasonable fee" for legal services under 11 U.S.C. § 330. *In re Westwood Asphalt*, 45 B.R. 111 (Bankr.E.D.Mich.1984); *In re Bank of New England Corp.*, 134 B.R. 450 (Bankr.D.Mass.1991), *aff'd*, 142 B.R. 584 (D.Mass.1992).[8]

For these additional reasons, the Court concluded that the application should be denied.

## III.

The final basis for denying fees in this case is the conflict of interest that resulted from the applicant's admitted representation of both the debtor and its tenants in this proceeding. This admission is found in the fee application itself, paragraph C, which states, "Represented tenants and debtors in opposing trustee's efforts to run all tenants out of 445 E. Fisher Freeway." The record of this bankruptcy case also fully reflects this dual representation.

The attorney for the debtor has fiduciary obligations to his client and to the estate, and the court's authority to deny fees

---

*In re Wolverine Knitting Mills, Inc.*, 107 B.R. 546 (Bankr.E.D.Mich.1989) (accountant's request for fees for clerical time allowed based on market evidence). *See also Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

from the estate in conflict of interest circumstances is clear. *In re Georgetown of Kettering, Ltd.,* 750 F.2d 536 (6th Cir.1984); *In re Office Prod. of Am., Inc.,* 136 B.R. 983 (Bankr.W.D.Tex.1992); *In re Freedom Solar Ctr., Inc.,* 776 F.2d 14, 16 (1st Cir.1985); *In re F.M. Station, Inc.,* 169 B.R. 502 (Bankr. D.R.I.1994); *In re Vann,* 136 B.R. 863 (D.Colo.1992). It was highly improper for debtor's counsel to represent both the debtor and creditors of the estate in opposing the trustee's administration of the estate.

## IV.

For these reasons, the application of debtor's counsel for fees from the estate is denied.